UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 3:15CR155 (RNC) |
| v. | : | |
| ROSS SHAPIRO, MICHAEL GRAMINS and TYLER PETERS | : | October 6, 2015 |

**MOTION FOR A NEW TRIAL DATE AND
THE EXCLUSION OF TIME UNDER THE SPEEDY TRIAL ACT**

In accordance with the Court's September 30, 2015, Order (Doc. 57) granting the defendants' motion for extension of time, the Government respectfully submits this Motion for a New Trial Date and the Exclusion of Time Under the Speedy Trial Act. The Government requests that the Court set the above-captioned case for jury selection on April 12, 2016 and the start of evidence on May 9, 2016, pursuant to the attached Proposed Scheduling Order. The Government also requests that the Court exclude the resulting period of delay from any calculation under the Speedy Trial Act. In support of its motion, the Government states the following.

I. **The Government and the Defendants Agree That a Continuance is Warranted**

In the their Motion for Amendment of Pre-Trial Motion Schedule, the defendants stated that "[c]ounsel for defendants and the U.S. Attorney's Office have conferred and are in agreement that the current schedule is not suitable given the nature and complexity of the case, the volume of document discovery and the parties' expectations concerning the time needed to review discovery and consider and file

pretrial motions." Doc. 54 at 1-2.

However, the Government and the Defendants disagree on how much time the Court should allot for the parties' preparation for trial. The Government believes that setting a trial date in the spring would allow sufficient time for both the Government and the defense to prepare for trial. The defendants have informed the Government that they intend to seek a trial date in the fall of 2016.

Accordingly, the Government and the defendants are submitting separate scheduling proposals.[1]

## II. Trial in May 2016 Provides Both Parties with Adequate Time to Prepare

### a. The Scheme Alleged in the Indictment is Not Complicated

Although the case against the defendants alleges securities fraud and involves a significant amount of document discovery, the allegations in this case are straightforward. The defendants are accused of lying about the price at which they could purchase or sell an RMBS bond, in order to make secret compensation on the bond. They are also accused of lying about whether they owned the bond at all, either by creating fictitious third party sellers or by conspiring with Investment Adviser 1 to pretend that he owned a bond that was really owned by Nomura – in both instances to increase the price at which they could sell a bond.

Unlike other securities fraud cases, there are no elaborate transactions, there is no complex accounting, no shell companies, no money laundering. For almost

---

[1] The Government understands that counsel for the defendants have a number of personal commitments in April 2016 that make trying the case that month difficult. Consequently, the Government has proposed a May trial date to accommodate defense counsel.

every fraudulent act alleged, there are two common categoris of evidence – (1) actual purchase and sale prices for RMBS bonds, memorialized in confirmation tickets, and (2) lies told to investing victims, captured in electronic chats and other recorded phone calls. In short, on its facts alone this case is far simpler than the typical securities fraud case.

Rather, the complexity of the case arises from the number of documents obtained in the investigation and the unique terminology used by the RMBS bond traders in their transactions. However, as discussed below, the defense is already familiar with the terminology used and has had unprecedented pre-trial discovery of most of the suspect transactions.

### b. The Defendants Seek More Time for Trial Preparation Than it Took the Government to Investigate the Case

The undersigned Government counsel were assigned to this matter in October 2014. On or about October 24, 2014, counsel for Nomura met with the undersigned counsel for the Government, as well as investigative agents and representatives from the Securities and Exchange Commission. Following the meeting, Nomura provided the Government its first significant delivery of documents.[2] Between November 2014 and August 2015, the government interviewed witnesses, made additional document requests and conducted its grand jury investigation. The defendants, in moving for a year delay of the trial, are in effect seeking a pre-trial process that is

---

[2] In late April 2014, while Nomura was in the midst of its initial document review, counsel for Nomura did meet with investigative agents and another Assistant United States Attorney. At that meeting, Nomura summarized the review process it was enacting and would continue to enact in the following months and provided the government with a sampling of eight initial trades it had uncovered. That initial review process concluded prior to the October 2014 meeting and resulted in the initial delivery of discovery.

longer than the entire grand jury investigation. Such accommodation is not warranted by the facts of this case.

### c. Defendants Have Had Pre-Indictment Discovery

In approximately November 2014, Nomura suspended the defendants from their positions. Sometime thereafter, the defendants retained counsel and, unbeknownst to the Government, Nomura began providing documents to the defendants. The Government understands that by March 17. 2015, Nomura's outside counsel had provided each defendant's respective attorney with documents regarding each of the discovered fraudulent transactions engaged in by his client, except those involving Investment Adviser 1 or those that post-dated January 2013. Therefore the defendants had access to the majority of the most meaningful documents the Government relied on in seeking an indictment – those involving the defendants' own incriminating statements – for at least six months before the defendants were even indicted. This is an extraordinary opportunity for the defendants to prepare for trial, especially considering that the Government informed the defendants in March 2015 that they were targets of the investigation.

In general, a trial date immediately set a year or more after Indictment would be an extraordinarily long pre-trial calendar, especially when compared with the investigatory period. In this instance, where the defendants have been aware of the central allegations, represented by counsel, and in possession of the most incriminating evidence since at least March 2015, such an extended pre-trial time frame serves no public interest. The Speedy Trial "Act was designed not just to

benefit defendants but also to serve the public interest by, among other things, reducing defendants' opportunity to commit crimes while on pretrial release and preventing extended pretrial delay from impairing the deterrent effect of punishment." Zedner v. United States, 547 U.S. 489, 501 (2006) (citing S.Rep. No. 93-1021, pp. 6-8). Accordingly, the Government requests that the trial be set for May 2016, pursuant to the proposed scheduling order.[3]

### III. Time is Excludable Under the Speedy Trial Act

Under the Speedy Trial Act, the Court may properly exclude certain periods of delay in computing the time within which trial must commence. 18 U.S.C. § 3161(h). Specifically, under 18 U.S.C. § 3161(h)(7)(A), the Court may exclude a period of time from the speedy trial period where it finds that "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." A continuance may be granted "by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government." 18 U.S.C. § 3161(h)(7)(A). Among the factors that a judge shall consider in determining whether to grant a continuance, is whether failure to grant a continuance "would deny counsel for the defendant [or] the Government the reasonable time necessary for effective preparation" for trial. 18 U.S.C. 18 U.S.C. § 3161(h)(7)(B)(iv). Here, given the sheer volume of documents, the period of time of the alleged scheme, and the number of victim-customers involved, the Government believes that a delay of approximately eight months from

---

[3] Should the Court grant the defendants' requested trial date, the Government requests to be heard on the resulting motions schedule.

Indictment – and fourteen months from when defense counsel received the most pertinent discovery – would serve the ends of justice and is warranted for both sides to prepare effectively for trial.

## CONCLUSION

For the foregoing reasons, the Government respectfully requests that the Court set this case for jury selection on April 12, 2016, and set the start of evidence for May 9, 2016. The Government also requests that the Court exclude time under the Speedy Trial Act until May 9, 2016, pursuant to 18 U.S.C. § 3161(h)(7)(B)(iv).

Respectfully submitted,

DEIRDRE M. DALY
UNITED STATES ATTORNEY

LIAM BRENNAN
HEATHER L. CHERRY
ASSISTANT UNITED STATES ATTORNEY
FEDERAL BAR NO. CT27924

U.S. Attorney's Office
157 Church Street
New Haven, CT 06510
(203) 821-3835
Liam.Brennan3@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on October 6, 2015, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

_____
LIAM BRENNAN
ASSISTANT UNITED STATES ATTORNEY