UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 3:15CR155 (RNC) |
| | : | |
| v. | : | |
| | : | |
| ROSS SHAPIRO, | : | December 31, 2015 |
| MICHAEL GRAMINS and | : | |
| TYLER PETERS | : | |

**GOVERNMENT'S RESPONSE TO DEFENDANT SHAPIRO'S
MOTION TO MODIFY CONDITIONS OF RELEASE**

The Government respectfully submits this memorandum in opposition to Defendant Shapiro's Amended Motion to Modify Conditions of Release [Doc. # 87], requesting court permission to allow him and his family to travel internationally. In support of its opposition, the Government states the following:

1. Defendant Shapiro seeks to travel internationally to Mexico with his entire family, including his wife and children.

2. Defendant Shapiro has agreed to secure his bond with only $200,000 cash.

3. While a $200,000 secured bond may be a significant commitment in most cases, with regards to Defendant Shapiro, it is a relatively paltry percentage of his personal wealth and, accordingly, will not ensure his appearance in court. For example, according to records provided to the Government by Nomura, Shapiro earned $4.5 million in fiscal year 2010, $7.5 million in fiscal year 2011 and $1.3 million in fiscal year 2012. Of that compensation, Shapiro received a salary of $200,000 and a cash

bonus of $2.58 million in 2010, a salary of $400,000 and a cash bonus of $2.6 million in 2011 and a salary of $450,000 and a cash bonus of $150,000 in 2012.[1] Defendant Shapiro could easily forfeit the $200,000 and remain in the upper most wealth stratums in the world.

4. Moreover, counsel for the defendants had previously argued to the Government that the fraudulent conduct described in the Indictment was not illegal under the securities fraud statute; specifically, that the lies that the Government alleges the defendants told to their victims could not be material as a matter of law. However, on December 8, 2015, a three-judge panel in the Second Circuit unanimously held that the type of lies the defendants told their victims could, in fact, be the basis for a securities fraud conviction. *See United States v. Litvak*, 14-2902-cr at 35, *et seq*. ("[A] rational jury could have concluded that Litvak's misrepresentations were material.") The foreclosure of this defense provides the defendant with additional incentive to flee.

5. The Government informed counsel for the defendant that it would not object to the travel if Shapiro provided a secured bond that would ensure that he returned from abroad to face trial. The Government estimated that such a security would be approximately $1 million.

6. However, the Government was agreeable to those conditions with the understanding that the probation office did not object to the travel. The

---

[1] The remainder of the compensation was paid in deferred cash and deferred stock, an unknown portion of which remains unpaid.

Government is not in a position to agree to any travel opposed by the probation office.

## Conclusion

For the reasons set forth above, the Government respectfully requests that Defendant Shapiro's Amended Motion to Modify Conditions of Release be denied.

    Respectfully submitted,

    DEIRDRE M. DALY
    UNITED STATES ATTORNEY

    LIAM BRENNAN
    ASSISTANT UNITED STATES ATTORNEY
    FEDERAL BAR NO. CT27924

    HEAHTER L. CHERRY
    ASSISTANT UNITED STATES ATTORNEY

    U.S. Attorney's Office
    157 Church Street
    New Haven, CT 06510
    (203) 821-3835

**CERTIFICATE OF SERVICE**

  I hereby certify that on December 31, 2015, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

_____
LIAM BRENNAN
ASSISTANT UNITED STATES ATTORNEY