**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

|                                  |   |                        |
|----------------------------------|---|------------------------|
|                                  | : |                        |
| UNITED STATES OF AMERICA,        | : |                        |
|                                  | : |                        |
|                                  | : |                        |
| v.                               | : | No. 15-cr-00155 (RNC)  |
|                                  | : |                        |
| ROSS SHAPIRO,                    | : |                        |
| MICHAEL GRAMINS and              | : |                        |
| TYLER PETERS                     | : |                        |
|                                  | : | JANUARY 8, 2016        |
|                                  | : |                        |

**DEFENDANTS' AMENDED MOTION FOR MODIFICATION**
**OF CONDITIONS OF RELEASE**

Defendants submit this motion to seek the Court's endorsement of a modification to the proposed

order to be submitted by the Government concerning amendment of Section 7(g) of the Order

Setting Conditions of Release (Dkt. 42) to clarify that Defendants may have minimal

communications with individuals on the No Contact List for the purpose of facilitating defense

counsels' contact with witnesses.

1. On January 6, 2016, the parties appeared at a conference before the Court in connection

   with Defendants' Motion for Modification of Conditions of Release (Dkt. 85).  Under the

   guidance of the Court, the parties agreed on the language of a mutually-proposed order,

   modifying Section 7(g) of the Order Setting Conditions of Release, concerning the

   No Contact List.  Defendants expect the Government to submit this proposed order today

   (January 8, 2016).

2. However, the parties were unable to reach agreement concerning the Defendants'

   minimal communications with individuals on the No Contact List for the purpose of

1

facilitating defense counsels' contact with witnesses. Defendants hereby respectfully request that the following additional language be made part of the modification of Section 7(g): "Consistent with this Order, Defendants may have minimal communications with individuals on the No Contact List to facilitate defense counsels' contact with such witnesses."

3.  Where, as here, the defendant is released pending trial, Title 18 U.S.C. § 3142 requires the court to fashion a bail package including the "least restrictive condition or combination of conditions." 18 U.S.C. § 3142(c)(1)(B).  The statute permits (but does not require) a court to order, as a condition of pretrial release, that persons released on bail pending trial avoid contact "with an alleged victim of the crime and with a potential witness who may testify concerning the offense." *See* 18 U.S.C. § 3142(c)(1)(B)(v).

4.  Courts in this district also recognize the "significant interests of the defendants" implicated by a no-contact condition of release: "(1) the right to free association, guaranteed by the First Amendment, and (2) the ability to prepare fully for defense against a felony criminal charge." *United States v. Lillemoe*, No. 15-CR-25 (JCH) (D. Conn. May 28, 2015), Dkt. 47 (Merriam, J.) (holding that a no-contact condition barring co-defendants from communicating outside the presence of counsel was not necessary to reasonably assure the safety of the community).

5.  Here, the Government objects to the defense proposal on the entirely speculative grounds that *de minimis* communications between these Defendants and potential witnesses would impede its investigation.  But the Government only argues that such conditions are "standard" and has offered no evidence (nor even attempted to show) that Defendants, in connection with the investigation and/or prosecution of this case, have acted improperly

2

in their communications with anyone at any time or that they can be expected to act improperly.  Absent such a showing, there is simply no basis to restrict their minimal contact with potential witnesses in this case.  *See United States v. Lillemoe*, No. 15-CR-25 (JCH) (D. Conn. May 28, 2015), Dkt. 47 (Merriam, J.) (rejecting the Government's argument that a "standard" no-contact condition should apply in every case); *see also* 18 U.S.C. § 3142(c)(1)(B) (requiring "least restrictive condition").

6. Defendants are presumed innocent.  *See* 18 U.S.C. § 3142(j) ("Nothing in this section shall be construed as modifying or limiting the presumption of innocence.")  They are not alleged to have tampered with witnesses. And, they are not alleged to be part of a criminal organization that has a history of tampering with witnesses.  For their part, the potential witnesses and "victims" in this case are not in the kind of delicate or vulnerable position that might otherwise justify prophylactic measures.  They are sophisticated financial industry professionals represented by leading law firms, who would not be expected to be swayed by minimal contact from Defendants.  Defendants are also without any "leverage" over anyone—they have all been side-lined from the industry as a result of the Indictment.

7. To the extent that contact with potential witnesses were ever to be improper, it would be regulated by 18 U.S.C. § 1512, which proscribes witness tampering.  The Government also remains free to move for revocation of release under 18 U.S.C. § 3148 should any contact with potential witnesses go beyond the purpose of facilitating defense counsels' contact with witnesses.  *See, e.g.*, *United States v. LaFontaine*, 210 F.3d 125 (2d Cir. 2000) (affirming the district court's bail revocation, where the defendant attempted to influence the testimony of a government witness in violation of her no-contact conditions

of release); *United States v. Gotti*, 794 F.2d 773 (2d Cir. 1986) (affirming the district court's bail revocation due to witness tampering and defendant's elevation to the position of boss of the Gambino Family while on bail in violation of his no-contact conditions of release).

8. The Government's attempt to regulate how the defense proceeds in performing its constitutionally required duties should be swiftly rejected. Absent special circumstances, which are completely lacking here, it should be a matter exclusively for defense counsels' discretion how they provide effective assistance in the defense of their clients.

WHEREFORE, Defendants respectfully request that the Court modify the Order Setting Conditions of Release to permit Defendants to have minimal communications with any potential witness, including those individuals on the No Contact List, for the purpose of facilitating defense counsels' contact with witnesses.

Respectfully submitted,

PETRILLO KLEIN & BOXER LLP

By:  /s/ Guy Petrillo
Guy Petrillo (CT19924)
655 Third Avenue, 22nd Floor
New York, New York 10017
Telephone: (212) 370-0330
Facsimile: (212) 370-0391
gpetrillo@pkbllp.com
*Attorneys for Ross Shapiro*

<u>**CERTIFICATION OF SERVICE**</u>

I hereby certify that on January 8, 2016, a copy of foregoing Amended Motion for Modification of Conditions of Release was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

Dated: New York, New York

January 8, 2016

<u>/s/ Leonid Sandlar</u>

Leonid Sandlar (PHV07700)
655 Third Avenue, 22nd Floor
New York, New York 10017
Telephone: (212) 370-0330
Facsimile: (212) 370-0391
lsandlar@pkbllp.com