UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | No. 3:15CR155 (RNC) |
| | : | |
| v. | : | |
| | : | |
| ROSS SHAPIRO, | : | January 29, 2016 |
| MICHAEL GRAMINS and | : | |
| TYLER PETERS | : | |
|     Defendants. | : | |

UNITED STATES' MOTION FOR THE
DISCLOSURE OF AFFIRMATIVE DEFENSES

The Government moves pursuant to Fed. R. Crim. P. 12.1-12.3, for the defendants, Ross Shapiro, Michael Gamins and Tyler Peters to:

(1) Provide written notice if the defendants intend to rely on an alibi defense pursuant to Fed. R. Crim. P. 12.1(a),

(2) Provide written notice if the defendants intend to rely on the defense of insanity at the time of the alleged crime or intend to introduce expert testimony relating to a mental disease, defect, or other condition bearing upon the issue of whether they had the mental state required for the offenses charged, pursuant to Fed. R. Crim. P. 12.2(a) & (b).

(3) Provide written notice if the defendants intend to claim a defense of actual or believed exercise of public authority pursuant to Fed. R. Crim. P. 12.3(a).

## I. The Defendants are Required to Disclose Affirmative Defenses Under Rules 12.1 – 12.3

The Government is entitled to written notice pursuant to Fed. R. Crimp. P. 12.1(a) if the defendants intend to use alibi defenses. During the time of the conspiracy, from approximately 2009 and continuing through approximately 2013, the defendants placed phone calls, had electronic Bloomberg chats and sent emails to each other, their subordinates, other colleagues, bond purchasers and bond sellers that government alleges were in furtherance of a scheme to defraud investors. To date, the defendants have not indicated that they intend to present any alibi defense. To the extent that the defendants intend to present alibi defenses to contradict the information in the indictment, the defendants must state each specific place where they claim to have been at the time of the alleged offense as well as the name, address, and telephone number of each alibi witness on whom the defendants intend to rely.

Similarly, the Government is entitled to written notice pursuant to Fed. R. Crim. P. 12.2(a) and (b) if the defendants intend to assert a defense of insanity or mental disease or defect that bears on the issue of guilt. Such notices must be made to the government and filed with the clerk. In this instance, no such notice has been made. Although the agreed-upon date for the disclosure of expert reports is not until the May, the defendants should disclose their intent to put on an insanity or mental defect defense at this time.

The Government is also entitled to written notice pursuant to Fed. R. Crim. P. 12.3(a) if the defendants intend to assert a defense actual or believed exercise of public authority on behalf of a law enforcement agency or federal intelligence agency at the time of the alleged offense. The defendants are required to notify the government in writing of such a defense and file a copy of the notice with the clerk. The notice must include the law enforcement agency or federal intelligence agency involved, the agency member on whose behalf the defendant claims to have

acted, and the time during which the defendant claims to have acted with public authority. No such notice has been made in this case. If the defendants intend to put on such a defense, they must alert the government and the court of their plans.

Finally, the Government is also entitled to notice if any defendant intends to offer a defense of "entrapment, insanity, duress, or coercion, or acting under public authority at the time of the offense." Standing Order on Discovery ¶ B(1). The defendants have made no such disclosure.

### II. The Defendants Should be Precluded from Putting on Such Defenses if They Do Not Make the Appropriate Disclosures

"A defendant who fails to [make an insanity defense disclosure] cannot rely on an insanity defense." Fed. R. Crim. P. 12.2(a). The Federal Rules of Criminal Procedure are clear; if a defendant fails to make a disclosure of an affirmative defense pursuant to Fed. R. Crim. P. 12.1, 12.2 or 12.3, such defenses can be precluded from introduction at trial. No written notice of such a defense has been provided here. *See, e.g., United States v. Johnson*, 815 F. Supp. 492, 493 (D.D.C. 1993) (testimony of alibi witnesses was properly excluded based upon defendant's failure to comply with notice rule). The Government respectfully requests that, should the defendants not make their intentions clear in their responses to this motion, the Court preclude both defendants from offering such a defense at trial.

CONCLUSION

For the foregoing, the government respectfully requests that the Court obligate the defendants to fulfill their obligations to disclose affirmative defenses and, if they fail to do so, to preclude the introduction of such defenses at trial.

Respectfully submitted,

DEIRDRE M. DALY
ACTING UNITED STATES ATTORNEY

_____

LIAM BRENNAN
ASSISTANT UNITED STATES ATTORNEY
FEDERAL BAR NO. CT27924

HEATHER CHERRY
ASSTANT UNITED STATES ATTORNEY

U.S. Attorney's Office
157 Church Street
New Haven, CT 06510
(203) 821-3835