UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | No. 3:15CR155 (RNC) |
| | : | |
| v. | : | |
| | : | |
| ROSS SHAPIRO, | : | January 29, 2016 |
| MICHAEL GRAMINS, and | : | |
| TYLER PETERS, | : | |
|     Defendants. | : | |

## MOTION OF THE UNITED STATES FOR RECIPROCAL DISCOVERY

The Government moves pursuant to the Standing Order on Discovery, Section (B), as well as Fed. R. Crim. P. 16(b), for each of the defendants, Ross Shapiro, Michael Gramins and Tyler Peters, to furnish copies of any and all of the following items that are within the possession, custody, or control of the defendant, the existence of which is known or by the exercise of due diligence may become known to the defendant: (a) books, papers, documents, photographs, or tangible objects that the defendant intends to introduce as evidence in his case-in-chief at trial; and (b) results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case that the defendant intends to offer as evidence at trial or which were prepared by a defense witness who will testify concerning the contents thereof.

The Government has repeatedly requested reciprocal discovery from defendants Ross Shapiro, Michael Gramins, and Tyler Peters.  Specifically, in a September 10, 2015 letter, the Government wrote,

> We look forward to receiving each of your client's disclosures as required by Section (B)(1) of the Court's Standing Order on Discovery.

1

> Pursuant to Section (B)(2) of the Court's Standing Order on Discovery, the Government hereby requests that you produce copies of any and all of the following items which are within the possession, custody, or control of the defendant, the existence of which is known or by the exercise of due diligence may become known to the defendant: (a) books, papers, documents, photographs, or tangible objects which the defendant intends to introduce as evidence in his case-in-chief at trial; and (b) results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case which the defendant intends to offer as evidence at trial or which were prepared by a defense witness who will testify concerning the contents thereof.

The government has reiterated its request, but has not received reciprocal discovery.

### A.  The Government is Entitled to Reciprocal Discovery.

Rule 16(b), Fed. R. Crim. P., as well as the Standing Order, require the defense to produce reciprocal discovery.  *See, e.g., United States v. Bump*, 605 F.2d 548, 551-52 (10th Cir. 1979) (requiring reciprocal disclosure over defendant's objection that it would violate his constitutional rights); *United States v. Daniels*, 95 F. Supp. 2d 1160, 1165 (D. Kan. 2000)(reciprocal discovery triggered even after partial production by government); *United States v. Cohen*, 1985 WL 4851 at *2 (S.D.N.Y. 1985) (ordering defendant to produce reciprocal discovery over defendant's assertion that discovery should be unilateral); *United States v. Sherman*, 426 F. Supp. 85, 93 (S.D.N.Y. 1976).

The Government respectfully requests that the Court direct defendants Ross Shapiro, Michael Gramins, and Tyler Peters to comply with Rule 16(b)(1)(A) and the Standing Order. Courts in this Circuit have required defendants to provide reciprocal discovery, even in instances when the introduction of defense exhibits were to be introduced personally through the defendant if the defendant chose to testify.  In *United States v. Ryan*, 448 F. Supp. 810, 810-12 (S.D.N.Y.), *aff'd*, 594 F.2d 853 (2d Cir. 1978), the defense withheld production of documents that it intended to introduce only through the defendant if he testified because they had not yet decided whether

the defendant would testify. Having not been provided in reciprocal discovery, the Court forbade their introduction through the defendant, holding that "[w]hile the refusal to testify is constitutionally protected, the trial strategy determination is not so protected. Since the defendant has availed himself of the strategy to obtain discovery of the government, he must comply with the requirement for reciprocal discovery if he wished to use the documents directly or refer to them while testifying." *Ryan*, 448 F.Supp. at 811.

## Conclusion

Defendants Ross Shapiro, Michael Gramins, and Tyler Peters have failed to date to provide reciprocal discovery to the Government. Should the defendants fail to make the disclosures required by Rule 16(b) and the Standing Order, the Government reserves the right to seek all available sanctions, including the exclusion of evidence offered by the defense which should have been, but was not, produced under Rule 16(b)(1)(A) and the Standing Order. *See United States v. Weiss*, 930 F.2d 185, 199 (2d Cir. 1991) (affirming district court's exclusion of evidence defendant had failed to produce as reciprocal discovery; permitting defendant to use documents prosecution had not seen would have given defense an unfair advantage); *United States v. Goguen*, 723 F.2d 1012, 1022 (1st Cir. 1983) (excluding expert testimony where defendant failed to produce materials until third day of trial); *United States v. Giampa*, 904 F. Supp. 235, 290-91 (D.N.J. 1995) (defendants ordered to provide reciprocal discovery immediately or face sanctions); *United States v. Kraselnick*, 702 F. Supp. 480, 487 (D.N.J. 1988) (defendants must produce reciprocal discovery upon government's compliance with Rule 16 or face possible Court sanctions).

The Government respectfully requests that the Court require the defendants to produce all reciprocal discovery described above.

                Respectfully submitted,

                DEIRDRE M. DALY
                ACTING UNITED STATES ATTORNEY

                _____
                LIAM BRENNAN
                ASSISTANT UNITED STATES ATTORNEY
                FEDERAL BAR NO. CT27924

                HEATHER CHERRY
                ASSTANT UNITED STATES ATTORNEY

                U.S. Attorney's Office
                157 Church Street
                New Haven, CT 06510
                (203) 821-3835

## Certificate of Service

      I hereby certify that on January 29, 2016, a copy of the foregoing was sent electronically to counsel for Ross Shapiro, Michael Gramins, and Tyler Peters through the Court's ECF system.

                                                              /s/
                                          LIAM BRENNAN
                                          ASSISTANT UNITED STATES ATTORNEY