# PETRILLO KLEIN & BOXER LLP

655 Third Avenue
22nd Floor
New York, NY 10017
Telephone: (212) 370-0330
www.pkbllp.com

Guy Petrillo
Direct Dial: (212) 370-0331
Cell:         (646) 385-1479
gpetrillo@pkbllp.com

December 3, 2015

**BY EXPRESS MAIL**

Liam Brennan, Esq.
Assistant United States Attorney
Heather Cherry, Esq.
Assistant United States Attorney
Office of the U.S. Attorney
  for the District of Connecticut
Connecticut Financial Center
157 Church Street, Floor 23
New Haven, CT 06510



Re:   *U.S. v. Shapiro, et al.*,
      Case No. 15-CR-00155 (RNC)

Dear AUSAs Brennan and Cherry:

In connection with the above-referenced case, and on behalf of all defense counsel, we write to request that the Government provide a bill of particulars. Specifically, we request that the Government identify the trades, by CUSIP, date, unit and dollar size, and transactional parties that the Government intends to prove at trial. Because pretrial motions are presently due on January 22, 2016, we further request that the Government provide the requested particulars on or before January 8, 2016.

Based on discovery to date, we appear to have received more than one hundred thousand electronic files relating to approximately 900 trades. The Indictment specifically charges fourteen (14) of these trades. In the grand jury, it appears that an additional ten (10) trades were the subject of testimony. In view of the conspiracy count – relating to which we expect the Government would argue that hundreds of trades in the database constitute potential overt acts – and the sheer number of total trades covered by the database, it would not be possible for the defense to prepare to address the Government's trial proof in the absence of greater particularity concerning the trades that the Government will seek to prove in its case in chief. A bill would also prevent unfair surprise and allow the defendants later to plead the bar of double jeopardy. *United States v. GAF Corp.*, 928 F.2d 1253, 1260 (2d Cir. 1991).

Liam Brennan, Esq.
Assistant United States Attorney
Heather Cherry, Esq.
Assistant United States Attorney
December 3, 2015

      This type of case is precisely the kind in which a bill of particulars is warranted. "Perhaps the most frequent case in which particulars are warranted is where discovery is overwhelmingly extensive *and* the government fails to designate which documents it intends to introduce and which documents are merely relevant to the defense." *United States v. Mahaffy*, 446 F. Supp. 2d 115, 118 (E.D.N.Y. 2006) (emphasis in original). "[O]verwhelming a defendant with discovery can obscure the particulars of a charge as fully as denying discovery. Thus, when faced with 'mountains' of discovery or 'massive disclosures,' a defendant may still be unable to prepare for trial and prevent surprise." *United States v. Luna*, No. 3:05-CR-58 (SRU), 2006 WL 1668006, at *2 (D. Conn. May 17, 2006) (denying government's motion for reconsideration of order granting defendant's motion for bill of particulars).

      By way of illustration, in *United States v. Bortnovsky*, 820 F.2d 572 (2d Cir. 1987), the Court of Appeals held that the government's production of documents prior to trial did not provide the required notice to defendants and that the district court abused its discretion in refusing to order a bill of particulars, where the indictment charged defendants with submitting false claims for burglary losses but failed to identify which burglary/false submission episodes it would prove at trial. In *Bortnovsky*, the government had provided the defense with four thousand documents, a cache that encompassed the documents concerning the four burglaries that were ultimately proven at trial. By failing to identify these burglaries prior to trial, the Court of Appeals ruled that the government had impermissibly shifted the burden of proof to the defense, which was forced to prove to the jury that all of the remaining burglaries actually had occurred. *See Bortnovsky*, 820 F.2d at 574-75.

      Likewise, in *United States v. Nachamie*, 91 F. Supp.2d 565 (S.D.N.Y. 2000), a bill of particulars was ordered where the defendants were charged with conspiracy to commit Medicare fraud, and the government "produced over 200,000 pieces of paper in hundreds of boxes and files, relating to 2,000 Medicare claims." *Id.* at 571. As the court noted, the government had "not yet informed the defendants which of these claims were false and in what way they were false," *id.* at 571, and, relying on *Bortnovsky*, ordered a bill of particulars specifying the names of unindicted co-conspirators, the identity and details of each allegedly false claim submitted and/or filed as part of the conspiracy, and the identity and details of the allegedly false documents used in the conspiracy," *id.* at 572-75.

      Here, the raw number of possible trades that the Government might seek to prove at trial and the massive volume of communications associated with these trades well warrant a bill of particulars. For the defense to analyze each of the potential candidate trades and related communications would easily absorb months of time and likely thousands of hours of lawyer time. The burden involved would far exceed that outlined in *Bortnovsky* and *Nachamie*.

      Accordingly, please identify each trade that the Government will seek to prove at trial, listing for each, the security CUSIP, parties involved, date of trade and the amount of the trade in units and dollars.

Liam Brennan, Esq.
Assistant United States Attorney
Heather Cherry, Esq.
Assistant United States Attorney
December 3, 2015

    Sincerely,

    PETRILLO KLEIN & BOXER LLP

By: /s/ Petrillo
    Guy Petrillo
    Josh Klein
    Leonid Sandlar
    655 Third Avenue, 22nd Floor
    New York, New York 10017
    Telephone: (212) 370-0330
    Facsimile: (212) 370-0391
    *Attorneys for Ross Shapiro*


    BRACEWELL & GIULIANI LLP

By: /S/ Marc L. Mukasey
    Marc L. Mukasey
    Robert S. Frenchman
    1251 Avenue of the Americas
    49th Floor
    New York, NY 10020-1100
    Telephone: (212) 508-6100
    Facsimile: (212) 508-6101
    *Attorneys for Michael Gramins*


    ALSTON & BIRD LLP

By: /S/ Brett D. Jaffe
    Brett D. Jaffe
    Craig Carpenito
    Joseph Tully
    90 Park Avenue
    15th Floor
    New York, NY 10016-1387
    Telephone: (212) 210-9400
    Facsimile: (212) 210-9444
    *Attorneys for Tyler Peters*