

U.S. Department of Justice

United States Attorney
District of Connecticut

*Connecticut Financial Center*  (203) 821-3700
*157 Church Street, Floor 23*  *Fax (203) 773-5376*
*New Haven, Connecticut  06510*  *www.justice.gov/usao/ct*

December 31, 2015

<u>*Via Email*</u>

Guy Petrillo                                       Marc Mukasey
Petrillo Klein & Boxer LLP                         Bracewell & Giuliani LLP
655 Third Avenue, 22nd Floor                       1251 Avenue of the Americas, 49th Floor
New York, NY 10017                                 New York, NY 10020-1100
 *(Counsel for Defendant Ross Shapiro)*            *(Counsel for Defendant Michael Gramins)*

Brett D. Jaffe
Alston & Bird LLP
90 Park Avenue
New York, NY 10016
*(Counsel for Defendant Tyler Peters)*

      Re:   *United States v. Ross Shapiro, et al.*
            Case No.: **3:15CR155(RNC)**

Dear Counsel:

      Thank you for your letter dated December 3, 2015.  In your letter, you requested that the Government provide a bill of particulars that identifies the "trades, by CUSIP, date, unit and dollar size and transactional parties" that the Government intends to introduce at trial.  The Government declines to do so at this time.  The Indictment pled the scheme with sufficient particularity to put your clients on notice of the charges against them, you have indicated to the Government that you have a sufficient understanding of the scheme that your clients are charged with and you have sufficient time to review the discovery in question.  Providing the items you request would require the Government to essentially produce a draft exhibit list well in advance of the date that we had previously agreed to with you.  The Government will abide by our agreement, and the Court's order, and inform you of what additional scheme evidence it intends to introduce at trial on May 23, 2016.

      **I.**      **The Indictment Provides You With Ample Information About the Scheme Your Clients Engaged In**

      The Indictment returned against your clients charges them with a scheme to defraud investors by fraudulently misstating the prices of bonds at which Nomura bought or sold them to induce victims to buy bonds at higher prices or sell bonds at a lower prices, thereby causing Nomura to profit illegally.  The Indictment specifically highlights the following trades:

*Disclosure Letter to All Counsel*
*December 31, 2015*
*Page 2*

1. The purchase and sale of RMBS AHMA2007-1A1 on or about January 5, 2010;

2. The purchase and sale of RMBS WAMU 2005-AR15 A1C3 on or about February 9, 2011;

3. The purchase and sale of RMBS WAMU 2007-HY3 4A1 on or about March 7, 2011;

4. The purchase and sale of RMBS INDX 2005-AR14 A1B2 on or about March 16, 2011;

5. The purchase and sale of RMBS GPMH 2000-3 IA on or about December 14, 2011;

6. The purchase and sale of RMBS JPALT 2007-A2 2A1 on or about December 21, 2011;

7. The purchase and sale of RMBS GSAA 2006-9 A2 on or about January 19, 2012;

8. The purchase and sale of RMBS WAMU 2007-HY1 5Al on or about February 8, 2012;

9. The purchase and sale of RMBS AAA 2005-1A 1A3B on or about March 8, 2012;

10. The purchase and sale of RMBS PPSI 2004-WWF1 M3 on or about May 1, 2012;

11. The purchase and sale of RMBS WAMU 2005-AR11 A1B2 on or about April 29, 2012;

12. The purchase and sale of RMBS BCAP 2012-RR12 4A2 on or about April 10, 2013; and

13. The purchase and sale of RMBS JPMAC 2006-WMC1 A4 on or about November 22, 2013.

You can reasonably expect the Government to introduce evidence surrounding the aforementioned trades at trial. The Government will identify for you the additional evidence it intends to present to the jury when it discloses its exhibit list in May 2016. However, the Indictment and discovery give you sufficient notice of the charges against your clients and clearly allow you to plead double jeopardy, should your clients be acquitted.

    **II.    You Have Repeatedly Indicated to the Government that You Understand the Scheme Charged Against Your Clients**

In your letter, you argue that you should receive a bill of particulars to "prevent unfair surprise." However, in our multiple conversations with you, you have repeatedly expressed a thorough understanding of the scheme alleged against your clients. You have had discussions about the nature of the scheme that your clients orchestrated with the undersigned counsel, the

*Disclosure Letter to All Counsel*
*December 31, 2015*
*Page 3*

supervisory staff of this Office and the United States Attorney. Indeed, you even wrote to the Deputy Attorney General in an attempt to convince her to intervene and prevent this Office from seeking an Indictment against your clients. In none of these instances do you express any lack of understanding about the charges that your clients are facing or the scheme which they were alleged to have participated in.

The Indictment clearly identifies multiple overt acts – each related to thirteen distinct trades, discussed *supra* – that formed part of the scheme. While it is likely that the Government will seek to introduce other evidence of this scheme at trial, the Government is not required to identify which specific pieces of scheme evidence it will seek to introduce until it discloses its witness and exhibit lists to you.

### III.     You Have Sufficient Time to Review Discovery

The undersigned counsel first received documents relating to this matter on or about October 24, 2014. As you are aware from our discussions and your review of the records, the investigation in this case largely took place from November 2014 until the time of indictment. You have even more time between the time of indictment and the trial to review your records than the Government did in bring the case against your clients. Additionally, the Government will disclose witness and exhibit lists to you *five months before trial*. This is more than enough time for you to review discovery and prepare for trial.

Moreover, it is the Government's understanding that you received many of the documents that we disclosed to you from Nomura Securities directly, well in advance of indictment. Indeed, it is our understanding that you had copies of records of many of the fraudulent trades your clients were involved in since the spring of 2014.

### IV.     The Government Will Disclose the Exhibit and Witness List Five Months Before Trial

Because (1) the Indictment fully apprises you and your clients of the scheme charged against them, (2) you have repeatedly expressed to various Department of Justice employees that you understand the scheme alleged against your clients, and (3) the time you have to review the records disclosed to you exceeds the time it took to investigate this matter, your request for a bill of particulars appears to serve no valid purpose. Complying with your request, however, would require the Government to essentially determine and disclose a significant portion of its exhibit and witness lists in advance of our agreed-upon date. The Government negotiated that date with you in good faith. We expect all parties to comply with those dates, barring any unforeseen consequences. We are not interested in advancing those dates at this time.

Case 3:15-cr-00155-RNC   Document 118-2   Filed 02/26/16   Page 4 of 4

*Disclosure Letter to All Counsel*
*December 31, 2015*
*Page 4*

    As always, if you have any concerns or questions, please do not hesitate to give us a call.

    Sincerely,
    DEIRDRE M. DALY
    UNITED STATES ATTORNEY

    LIAM B. BRENNAN
    HEATHER L. CHERRY
    ASSISTANT UNITED STATES ATTORNEYS