UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | No. 3:15CR155 (RNC) |
| | : | |
| v. | : | |
| | : | |
| ROSS SHAPIRO, | : | May 18, 2016 |
| MICHAEL GRAMINS, and | : | |
| TYLER PETERS, | : | |
| Defendants. | : | |

**THE GOVERNMENT'S PARTIAL OPPOSITION TO THE DEFENDANTS'
MOTION TO EXTEND CERTAIN INTERIM DEADLINES**

The Government respectfully submits this Opposition, *in part,* to the Defendants' Motion to Extend Interim Deadlines. Doc. 140. The Court should grant the Defendants' request for an extension of interim deadlines where the Defendants have shown cause for the extension. The Court should deny the Defendants' request for an extension of interim deadlines that are based on the Defendants' strategic choices. Accordingly, the Court should allow the Defendants to supplement their exhibit list with documents produced by the Government on May 4, 2016 and thereafter. The Court should deny all other extensions.

In the alternative, should the Court be inclined to grant the Defendants an extension for their disclosures, the Government requests that the Court limit the extension only to the disclosure dates and impose certain requirements on the Defendants.

**I. Background**

On October 21, 2015, the Government made a consent motion asking the Court to issue a Scheduling Order proposed jointly by the Government and the Defendants. Doc. 71. On October 22, 2015, the Court issued the Scheduling Order in this case. Doc. 73.

On May 16, 2016, one week before exhibit lists, witness lists, and expert disclosures were to be exchanged between the parties based on the agreed upon Scheduling Order, the Defendants requested a conference call with the Government. During the call, the Defendants asked the Government if it would consent to an extension of the date for the disclosure of exhibit lists, reverse *Jenks*, experts disclosures, and Motions *in Limine,* among other things. Also during the call, the Defendants informed the Government that they intended to use documents they had obtained through subpoenas in *Securities and Exchange Commission v. Shapiro, et al,* 1:15-cv-07045-RMB-JCF (the "SEC case" or the "parallel civil action") in their case-in-chief in the criminal trial. The Defendants claimed that they needed additional time to produce their exhibit list because they had agreed with certain third-parties in the SEC case to a discovery production date that fell after the Court-ordered date for the disclosure of the exhibit list in this case. The Defendants made such agreements with third-parties without consulting the Government in advance. The Defendants also told the Government that they would not be ready with expert disclosures on May 23, as required by the Scheduling Order. The Defendants suggested that all disclosures currently scheduled for May 23, 2016 be moved to June 23, 2016 and that Motions *in Limine* be moved to July 18, 2013.

In an email that evening, the Government asked the Defendants for the dates the Defendants agreed to with third-parties for subpoena responses in the SEC case. In an email dated Tuesday, May 17, 2016, the Defendants declined to give the Government precise dates, but informed the Government that approximately 16 or 17 third-parties <u>made productions to them in March and April</u>. They also informed the Government that an additional 10 or 11 third-parties were in the process of making productions to them this month. To date, the Defendants have

issued no subpoenas nor made any motions in this case to attempt to assure compliance from third parties with the Court-ordered pre-trial schedule in this case.

In the email, the Defendants also raised new grounds for an extension of interim deadlines. Counsel informed the Government that, in addition to the discovery they hoped to receive via the SEC case subpoenas, they were seeking an extension of interim deadlines in order to review: (1) the Government's May 4, 2016 disclosures, (2) documents they requested the Government produce—and the Government agreed to collect and provide—from other Department of Justice investigations into RMBS trading at other financial institutions; and (3) because the Government declined to provide the Defendants a Bill of Particulars and their motion for one remained *sub judice*.[1]

## II. The Court Should Grant the Defendants' Request for an Extension of Deadlines for the Designation of Exhibits From Documents That Were Produced On May 4, 2016 or Thereafter

On May 4, 2016, the Government provided the Defendants with documents received in the Government's investigation of Nomura's commercial mortgage backed securities ("CMBS") trading practices. Although the Government doubts that the CMBS documents are relevant to the prosecution of this case, should the Defendants find any of the documents relevant to their defense and disclose those documents as exhibits before or by June 23, 2016, the Government will not object to those exhibits on timeliness grounds.[2]

Additionally, the Defendants have requested that the Government collect documents from certain investigations conducted by the Department of Justice, Criminal Division, Fraud Section and the United States Attorney's Office for the Southern District of New York into the RMBS trading practices at other banks. As a courtesy and to avoid unnecessary motions practice, the

---

[1] The Defendants made no mention of metadata prior to filing their motion.
[2] The Government reserves its rights to object to the exhibits on other grounds.

Government has endeavored to collect these materials for the Defendants and is in the process of producing the materials to them. Should the Defendants disclose any of those documents as exhibits before or by June 23, 2016, the Government will not object to those exhibits on timeliness grounds.[3]

### III. The Court Should Not Extend Any Interim Deadlines As a Result of the Defendants' Strategic Choices

The Defendants have strategically chosen to seek discovery for this case through the discovery process in the SEC case, despite being prohibited by the Protective Order in the SEC case from using any documents in any other action other than the civil action. The Defendants have not disclosed any documents to the Government currently in their possession nor have they attempted to petition the court in the SEC case for relief from the Protective Order. The Defendants have also made a unilateral decision without consulting the Government to allow certain third-parties to produce documents to them after the agreed upon date to exchange exhibit lists in this case.

These are strategic decisions made by the Defendants. They are not cause for an extension of deadlines in this case.

### IV. The Defendants Have Not Shown Cause for an the Extension of Expert Disclosures or Motions *in Limine*

In their Motion, the Defendants have given no reason why the dates for the disclosure of expert witnesses should be delayed. As the Government previously stated, the Indictment discloses approximately 13 trades the Government intends to prove at trial. This is sufficient information for an initial expert disclosure, particularly when coupled with the voluminous discovery already provided by the Government. Should an expert wish to supplement his or her

---

[3] The Government reserves its rights to object to the exhibits on other grounds.

opinion based on additional trades disclosed on the Government's exhibit list, the Government has already informed the defendants and the Court that it will not make a timeliness-based objection to such a supplement.[4] The Defendants should not need additional time to notice their experts; there was ample time between October 22, 2015 and May 23, 2016 (seven months) for the Defendants to hire an expert and produce expert disclosures

Similarly, the Defendants have not shown cause for their inability to abide by the Scheduling Order date for Motions *in Limine*. Even if the Court grants the Defendants' motion for an extension of time as to the exhibit lists and/or expert disclosures, Motions *in Limine* on all other subjects should be filed on the date in the Scheduling Order.

## V.  The Metadata Production is Irrelevant and Not a Cause of Delay

In their motion, the Defendants argue, for the first time, that because they received an additional metadata overlay file on March 11, 2016, they should be entitled to an extension of interim deadlines. In doing so, the Defendants inaccurately characterize the series of events.

Most of the documents produced by the Government to the Defendants included the associated metadata. However, in February 2016, the Defendants alerted the Government that for certain documents no metadata was produced. This metadata *was not in the Government's possession.* To aid the Defendants, the Government requested that Nomura Securities International ("Nomura"), the original possessor of the documents, produce the desired metadata. When the Government received the metadata from Nomura, it promptly forwarded it to the Defendants.[5] Any intimation that the metadata was in the Government's possession and withheld from the Defendants is baseless.

---

[4] The Government reserves its right to object to expert testimony on other grounds.
[5] Some of the metadata requested does not exist.

Furthermore, the absence of certain metadata did not prevent the undersigned counsel from reviewing the documents; the Defendants fail to explain how it inhibited defense counsel from producing their exhibit list, their expert disclosures, and their reverse *Jenks* material. In addition, the absence of metadata for certain documents up until March 11 should have no impact on their ability to file Motions *in Limine* by June 17, 2016.

## VI. In the Alternative, the Court Should Only Extend the Deadline for Disclosures and Should Premise Any Extension of the Disclosures on the Defendants Seeking Leave from the Protective Order

Should the Court be inclined to grant the Defendants' full request for an extension of time to make disclosures, the Government requests that such an extension be as limited as possible, so as to keep the rest of the trial schedule undisturbed. The Court should also only grant the request if the Defendants seek relief from the protective order in the SEC case.

### A. The Defendants Should Seek Relief from the Protective Order in the SEC Case

The Defendants have indicated that they are collecting material to be presented as evidence in this case through subpoenas in the SEC case. This presents two problems: First, the Defendants may be prohibited in the future from using in this case the documents they collected through the SEC subpoenas if they are not granted leave by that court to use them in this proceeding. This would likely cause the Defendants to seek a delay of this trial. Additionally, the Defendants indicated to the Government on May 18, 2016 that their failure to make any Rule 16 disclosures to the Government is premised, at least in part, on the restrictions placed on them by the Protective Order in the SEC case. The Defendants should not be granted an extension of interim deadlines for the disclosure of exhibit lists without assuring this Court that they will be able to use those exhibits in this case and without making their required Rule 16 disclosures.

Accordingly, the Court should premise any extension on the requirement that the Defendants seek relief from the Protective Order by May 25, 2016.

### B. The Dates for Motions *in Limine* Should Remain Unmoved

When the Defendants proposed their amended schedule to the Government on May 16, 2016, the Government indicated that it could not participate in a motions practice that began at the end of July and stretched through early August. The Defendants offered to keep the preexisting schedule for Motions *in Limine* if the Government agreed to the Defendants' new dates for disclosures. However, as noted above, the Government objected, in part, to the new dates.

Should the Court grant new disclosure dates for exhibit lists, witness lists and/or expert notices, it should not move the dates for Motions *in Limine*. To facilitate the Defendants' preparation of their own Motion *in Limine,* the Government would still make its exhibit list, witness list and expert disclosures on May 23, 2016. All parties could then file their Motions *in Limine* on the already-scheduled date. This would help preserve the existing trial schedule.[6]

**Conclusion**

---

[6] If the Government objects to the Defendants June disclosures, it would have to make those motions on a later date. However, rather than having all motions delayed, the delayed motions would only pertain to Government's objections to the Defendants' exhibits, witnesses and/or experts.

Accordingly, the Government requests that the Court grant an extension for the disclosure of exhibits that originate in discovery from the Government on or after May 4, 2016. The Government respectfully requests that the Court deny all other extensions.

Alternatively, the Government requests that the Court premise any extension of deadlines for disclosures on the Defendants' seeking relief from the Protective Order in the SEC case. The Government also requests, in the alternative, that the Court maintain the current schedule for Motions in Limine.

        Respectfully submitted,

        DEIRDRE M. DALY
        UNITED STATES ATTORNEY

        LIAM BRENNAN
        ASSISTANT UNITED STATES ATTORNEY
        FEDERAL BAR NO. CT27924

        HEATHER CHERRY
        ASSISTANT UNITED STATES ATTORNEY

        U.S. Attorney's Office
        157 Church Street
        New Haven, CT 06510
        (203) 821-3835

## Certificate of Service

I hereby certify that on May 18, 2016, a copy of the foregoing was sent electronically to counsel for Ross Shapiro, Michael Gramins, and Tyler Peters through the Court's ECF system.

_____/s/_____
LIAM BRENNAN
ASSISTANT UNITED STATES ATTORNEY