### UNITED STATES DISTRICT COURT
### DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| | : | |
| | : | |
| v. | : | S1 No. 15-cr-00155 (RNC) |
| | : | |
| ROSS SHAPIRO, | : | |
| MICHAEL GRAMINS and | : | |
| TYLER PETERS | : | |
| | : | MAY 20, 2016 |
| | : | |

### DEFENDANTS' MEMORANDUM IN OPPOSITION TO GOVERNMENT'S
### MOTION FOR THE EXCLUSION OF UNDISCLOSED DISCOVERY

Defendants Ross Shapiro, Michael Gramins, and Tyler Peters respectfully submit this Memorandum in Opposition to the Government's Motion for the Exclusion of Undisclosed Discovery (Dkt. No. 139). For the reasons stated below, the government's application should be summarily denied.

### PROCEDURAL HISTORY

On October 7, 2015 the parties appeared before the Court for a status conference and discussed, among other matters, the pre-trial schedule in this matter. During the conference, Defendants informed the Court of their intention to serve subpoenas on various third parties, including a number of financial institutions. Defendants further noted their expectation that this process would be quite time consuming because such institutions "frequently object to subpoenas . . . frequently litigate" and "take a long time to produce information." Oct. 7, 2015 Tr. at 11. The defense also alerted the Court that a companion case, brought by the SEC, was pending in the Southern District of New York, before Judge Berman, naming the same three defendants ("SEC Case"), and that, to the extent Judge Berman allowed discovery to proceed in that case,

the defense would likely issue civil subpoenas.  Defendants noted that discovery proceedings in the SEC Case would likely determine the extent to which this Court would receive applications under F. R. Cr. P. 17(c).  Oct. 7, 2015 Tr. at 20-21.

On October 19, 2015, the parties to the SEC Case appeared at a conference before Judge Berman.  Having filed a request for a pre-motion conference in the SEC Case, AUSAs Brennan and Cherry also appeared at the conference in support of the government's anticipated motion to intervene and seek a stay of discovery.  Ruling from the bench, Judge Berman granted the government's application to intervene but denied their application for a blanket stay of discovery.  Judge Berman referred the matter to Magistrate Judge Francis for purposes of adopting a discovery schedule and adjudicating applications for a more limited stay of discovery. Oct. 19, 2015 SEC Tr. at 14.

Following briefing in late October 2015, the parties appeared before Judge Francis, on November 3, 2015, after which Judge Francis issued an Order permitting the parties to, among other things, propound subpoenas.  During the following weeks, the defense identified various third-parties believed to possess relevant discovery materials.  The defense expended substantial time and effort determining, and then refining, the scope of the materials to be sought, crafting the text of the subpoenas, and coordinating discovery efforts amongst the three Defendants.

Beginning in late December, Defendants commenced serving civil subpoenas on third parties.  To date, Defendants have served civil subpoenas on 31 different parties.  Extensive, protracted negotiations with many of these parties ensued in an effort to avoid potential litigation which would have been even more time-consuming.  Defendants successfully negotiated the third-party subpoenas with all but two of the 31 subpoena recipients.  Defendants have received responsive materials from a number of parties but continue to await additional productions.

On January 29, 2016, the government moved to compel reciprocal discovery. On February 23, 2016, defense counsel informed the government, via email, that the defense had recently received a production from a third party, and suggested that the government (who had previously intervened in the SEC Case) seek to become a party to the SEC Protective Order. The government never responded to this overture. On April 6, 2016, at a pre-trial motion hearing before Your Honor, the government reiterated its request for reciprocal discovery. Following the hearing, on April 22, 2016, Defendants wrote to the government, again advising that Defendants have served third-party subpoenas and stand ready to provide evidentiary materials produced to date pursuant to these subpoenas. Defendants also noted the constraints imposed by the protective order entered in the SEC Case ("SEC Protective Order"), provided a copy of the Order to the government, and invited the government to meet and confer to discuss the matter further.[1] The government never responded to Defendants' invitation to discuss this matter other than to reiterate, in a production letter dated May 4, 2016, its request for reciprocal discovery.

On May 16, 2016, Defendants conferred with the government, via telephone, to propose a short extension of certain interim deadlines relating to: (i) the exchange of witness and exhibit lists and expert notices and summaries, and (ii) the schedule for *in limine* motions. After additional dialogue during May 16 and 17 the parties again conferred, telephonically, on May 18 at 9:45 a.m., at which time the government informed the defense it would object to the proposed

---

[1] Defendants also noted that the defense is permitted to use in the defense case any document or thing - even if not produced by the government or shared in reciprocal discovery - in witness cross-examination. *United States v. Medearis*, 380 F.3d 1049, 1057 (8th Cir. 2004) ("[T]he requirement of reciprocal pretrial disclosure under Rule 16(b)(1)(A) includes only documents which the defendant intends to introduce during his own case-in-chief."); *United States v. Moore*, 208 F.3d 577, 579 (7th Cir. 2000) (defendants not required to disclose evidence used "to impeach the testimony of a witness for the prosecution").

extension because it would interfere with AUSA Brennan's vacation and push the schedule inconveniently close to AUSA Cherry's trial date in the *Litvak* matter.[2]

Within approximately 15 minutes of this call and without warning (or meaningful discussion with the defense about the matter of reciprocal discovery) the government filed the instant motion to preclude, in which the government relies, repeatedly, on this District's Standing Order on Criminal Discovery ("Standing Order").

### THIS DISTRICT'S STANDING ORDER ON CRIMINAL DISCOVERY

Paragraph (A) of the Standing Order requires the government to meet with the defense 14 days following arraignment, and to produce to the defense at that time, all discovery required under F. R. Cr. P. 16(a), as well as a witness list (including contact information), *Giglio* and *Brady* material, and "other act" evidence under F.R.E. 404(b).  *See* Std. Ord. par. (A)(1)-(13).  In recognition of the differing posture of criminal defendants in relation to the government,[3] the defense is not required to make any production until 14 days *following the government's production.  See* Std. Ord. par. (B).  Furthermore, the defense need only produce, at such time, documentary evidence, reports of mental examinations, and expert summaries.  There is no requirement that the defense disclose its witnesses.

Moreover, the Standing Order requires that parties meet and confer in advance of filing discovery motions.  Std. Ord. par. (C).  The Order further instructs that "[t]he Court shall refuse to consider any such motions unless the supporting papers contain a certification that counsel

---

[2] Accordingly, Defendants filed a motion on May 18, 2016 to request the proposed extension of these interim deadlines.  *See* Dkt. No. 140.

[3] *See* Robert M. Cary, *Federal Criminal Discovery*, at 336-37 (2011) ("Because the government bears the burden of proof, and given the relatively limited discovery permitted defendants, a defendant often will not know exactly what, if any, evidence she will need to present in her case-in-chief.").

have met and that, after good faith efforts to resolve their differences on discovery, they were unable to reach an accord." *Id.*

## DISCUSSION

The defense does not challenge the government's repeated mantra that they are entitled to reciprocal discovery.  As a practical matter, however, while Defendants have obtained documents pursuant to civil subpoenas issued in the SEC Case, the SEC Protective Order precludes the defense from providing these materials to the government.  The defense will move, promptly, to amend the SEC Protective Order to allow for the use of such materials in this case. Defendants also plan to submit a protective order for this Court's consideration early next week, after conferring with the government, to address anticipated concerns that producing parties may harbor regarding the disclosure of personal and proprietary information.  Accordingly, the government's motion should be denied.

The government's contention that the defense could have avoided delay by employing Rule 17(c) subpoenas at the outset ignores basic realities and is wrong.  First, Defendants may well have faced motions to quash various 17(c) subpoenas which are subject to a different, more stringent, legal standard from the one applicable to civil subpoenas.  By utilizing civil subpoenas initially, the defense has likely avoided the need to expend the Court's (and Defendants') resources engaging in the unnecessary litigation that would have invariably resulted under the more stringent Rule 17(c) standard.  Second, irrespective of whether Defendants had served 17(c) subpoenas at the outset, the defense would have served civil subpoenas in any event, that likely would have yielded additional materials potentially relevant to this case, beyond those responsive under Rule 17(c).  Consequently, it is dubious that the use of criminal subpoenas would have saved time -- indeed, this approach may well have wasted time.

Third, the government's grumbling about Defendants' failure to seek modification of the SEC Protective Order ignores the plain fact that we formally informed the government about this issue three months ago, and then wrote to them, again, nearly a month ago, to invite them to meet and confer about the most efficient mechanism to address the matter. The government's failure to even respond to either of these overtures suggests a preference for gamesmanship and unnecessary and burdensome motion practice rather than cooperation. Furthermore, the Standing Order upon which the government so heavily relies compels denial of their motion given the government's failure to meet and confer with the defense in a good faith effort to resolve this matter. *See* Std. Ord. Par. (C).

Finally, there is no basis for the government's application to preclude Defendants from introducing potentially exculpatory evidence, *five months* in advance of trial, particularly in the face of defense efforts to resolve the matter and comply with our discovery obligations. The government's attempt to preclude the Defense from admitting evidence, absent any hint (or even a claim by the government) of any prejudice at all is, at best, disturbing.[4]

Accordingly, the government's motion is baseless and should be summarily denied.

---

[4] Moreover, it bears mention that Courts generally take a flexible approach with respect to defense deadlines to produce reciprocal discovery. The government's application actually cites a case representative of this approach. In *United States v. Daniels*, as here, the government sought reciprocal discovery from the defendant in advance of trial, and, in response, the defendant argued that motion was immature because he had yet to determine "what documents or witnesses he [would] use at trial." 95 F. Supp. 2d 1160, 1165 (D. Kan. 2000). Weighing those arguments, the court held that it was "clear to the court that defendant [was] not in a position to disclose what documents and witnesses he [would] use at trial under Rules 16," and, therefore, the court held, "the parties [were] to discuss the discovery schedule and set a date for discovery to be completed, no later than three weeks before trial . . . ." *Id.* The other cases cited by the government are inapposite. In *United States v. Cohen*, the defendant refused to provide any reciprocal discovery. No. 85 CR. 843 (JFK), 1985 WL 4851, at *2 (S.D.N.Y. Dec. 23, 1985). Here, Defendants have already offered to produce reciprocal discovery to the government, once the matter of the protective order is resolved. In *United States v. Bump*, the court did not order the defendant to produce reciprocal discovery, as the government suggests. Instead, it held that the government did not violate the attorney-client privilege or the defendant's Fifth Amendment rights when, at trial, the government cross-examined the defendant on supposedly exculpatory documents, which the defendant's counsel had disclosed prior to trial but never produced. *United States v. Bump*, 605 F.2d 548, 551-52 (10th Cir. 1979). Similarly, in *United States v. Ryan*, the defendant provided reciprocal discovery to the government, and the court merely held that the defendant could not withhold an additional subset of documents, subject to his decision on whether to testify in his own defense, a decision he intended to make at trial. See 448 F. Supp. 810, 811 (S.D.N.Y.), *aff'd*, 594 F.2d 853 (2d Cir. 1978).

**CONCLUSION**

Based on the foregoing, the Court should deny the government's request for an order excluding defense discovery.

Respectfully submitted,

PETRILLO KLEIN & BOXER LLP

By:  /s/ Joshua Klein
    Guy Petrillo (CT19924)
    Joshua Klein (PHV07748)
    655 Third Avenue, 22nd Floor
    New York, New York 10017
    Telephone: (212) 370-0330
    Facsimile: (212) 370-0391
    *Attorneys for Ross Shapiro*

GREENBERG TRAURIG LLP

By:  /s/ Marc L. Mukasey
    Marc L. Mukasey (PHV07694)
    200 Park Avenue
    New York, NY 10166
    Telephone: (212) 801-9200
    Facsimile: (212) 801-6400
    *Attorneys for Michael Gramins*

ALSTON & BIRD LLP

By:  /s/ Brett D. Jaffe
    Brett D. Jaffe (PHV07701)
    90 Park Avenue
    15th Floor
    New York, NY 10016-1387
    Telephone: (212) 210-9400
    Facsimile: (212) 210-9444
    *Attorneys for Tyler Peters*

## <u>CERTIFICATION OF SERVICE</u>

I hereby certify that on May 20, 2016, a copy of the foregoing Memorandum In Opposition To

Government's Motion For The Exclusion Of Undisclosed Discovery was filed electronically and served

by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all

parties by operation of the Court's electronic filing system or by mail to anyone unable to accept

electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the

Court's CM/ECF System.

Dated: New York, New York
         May 20, 2016

> /s/ Mirah Curzer
> Mirah Curzer (PHV08047)
> 655 Third Avenue, 22nd Floor
> New York, New York 10017
> Telephone: (212) 370-0330
> Facsimile: (212) 370-0391
> Email: mcurzer@pkbllp.com