UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | No. 3:15CR155 (RNC) |
| | : | |
| v. | : | |
| | : | |
| ROSS SHAPIRO, | : | July 27, 2016 |
| MICHAEL GRAMINS, and | : | |
| TYLER PETERS. | : | |

## GOVERNMENT'S MOTION IN LIMINE TO PRECLUDE
## EVIDENCE REGARDING OTHER BROKER-DEALERS

The Government respectfully requests that the Court issue an order precluding the defendants Ross Shapiro, Michael Gramins, and Tyler Peters from introducing evidence or argument regarding events or practices at broker-dealer firms other than Nomura, absent some factual link to the defendants.

### BACKGROUND

Defendants Ross Shapiro, Michael Gramins and Tyler Peters have requested that the Government make available extensive documents collected or created in the course of other investigations into potential securities fraud at other fixed income broker-dealers. The Government anticipates that at trial the defendants will attempt to introduce evidence regarding similar fraudulent trades at other broker-dealer firms, despite no evidence that the defendants or victims in this case were ever aware of such fraudulent trades. Given defendants' ignorance of these other fraudulent trades, this evidence has no bearing on materiality or intent in this case.

## ARGUMENT

Evidence concerning acts or events at broker-dealer firms other than Nomura—including admitted or alleged fraud, or attempts to remediate or prevent fraud—should be precluded under Rules 401 and 403.[1]

The principal issues in dispute at trial are likely to be materiality and intent. The fact that non-Nomura traders may have committed similar crimes does not bear on any fact concerning the defendants, including whether a reasonable investor would have found the defendants' misstatements important or whether the defendants had the intent to deceive their victims. Events at other broker-dealers unconnected to this case simply do not tend to make any fact at issue in this trial "more or less probable than it would be without th[at] evidence." Fed. R. Evid. 401.

In *United States v. Litvak*, the Second Circuit held that evidence that a defendant's managers knew or approved of misrepresentations by other employees similar to those for which the defendant was indicted, is admissible to the defendant's state of mind because this evidence could tend to show that a defendants' supervisors regularly approved of other traders making misrepresentations, and thus might provide "a fair basis upon which to infer that when Mr. Litvak did the very same thing, . . . the supervisors saw and approved of [it] as standard operating procedure." *United States v. Litvak*, 808 F.3d 160, 190 (2d Cir. 2015) (editing in original).

In contrast, here there is no evidence of any factual connection between the defendants and the conduct at other broker-dealer firms. There is no reason to believe that the defendants were aware of bond trades executed by their competitors, or any specific misrepresentations

---

[1] The Government will likely present evidence regarding the indictment of Jesse Litvak and its effect on traders at Nomura to prove state of mind. Specifically, the Government intends to prove that the defendants knew about and discussed the *Litvak* indictment, but nonetheless continued to engage in substantially similar conduct.

made by them.  If the defendants can establish, either through documents or testimony, some connection between the facts of this case and events at other broker-dealers such that other traders' fraudulent conduct is relevant to an element of the charged crimes, then evidence of those events may be admissible.[2]  But absent a link between these defendants or their victims and traders at other broker-dealers, the defense should not be permitted to ask the jury to speculate about the significance of crimes by other traders at other firms. As the Hon. Janet C. Hall recently noted in *Litvak*:

> [T]he fact that many (or all) RMBS broker-dealers engaged in the kinds of misrepresentations charged in the Indictment does not affect the likelihood of a reasonable investor viewing those misrepresentations as material (or immaterial) <u>unless investors were aware that traders made these kinds of misrepresentations</u>. Put another way, the fact that people in Litvak's position regularly lied does not tend to make it more likely that objective, reasonable investors viewed those lies as immaterial unless there is also reason to believe those same reasonable investors were aware the lies were happening.

*United States v. Litvak*, No. 3:13-cr-19 (JCH), Ruling Re: Motions In Limine [Dkt. No. 432] at 27-28 (emphasis in original).

Moreover, even if this evidence were relevant to the charged crime, the Court should exclude it under Rule 403. The defendants should not be allowed to develop an improper "everybody else did it" defense by introducing evidence concerning fraud at other firms. Such evidence would almost certainly confuse the issues, mislead the jury, create undue delay and waste time, all in service of little, if any, probative value. Fed. R. Evid. 403. Again, as Judge Hall recently stated:

> [This] is not a trial of the entire RMBS industry, and while some evidence about the RMBS industry is relevant and not outweighed by Rule 403 factors, not all

---

[2] The Government does not offer this to suggest that such a connection even exists, or as a concession that the mere existence of some connection will necessarily render the evidence from other broker-dealers admissible.  Rather, the Government requests that the defendants be required to specify in advance of trial what, if any, evidence from non-Nomura broker-dealers they intend to offer, and to articulate the factual link to the defendants and/or victims in this matter.

evidence about the RMBS market is such. There is little probative value to evidence that tends to show that the whole RMBS industry engaged in the kind of conduct for which Litvak has been indicted (again, absent some showing that investors were aware of the fact that broker-dealers regularly engaged in this conduct), and the presentation of this evidence bears an enormous risk of confusing and misleading the jury with respect to the task before them. The introduction of such evidence would also prejudice the government and cause undue delay because, as the government notes, it will be forced to litigate "a 'trial within a trial' with regard to other traders' fraudulent conduct." For all of these reasons, the court concludes that the probative value of evidence that there was an "industry practice" of making the kinds of misrepresentations charged in the Indictment is "substantially outweighed" by the risk that evidence will cause "unfair prejudice, confus[e] the issues, mislead[ ] the jury, [cause] undue delay, [and] wast[e] time," Fed. R. Evid. 403, and therefore will exclude that evidence.

*Id.* at 28-29 (internal citation omitted).

## CONCLUSION

The Court should issue an order precluding the defense from introducing evidence or making argument regarding acts or events at other broker-dealer firms unless it can first establish a suffiient factual nexus with the defendants or the charged crime to render that evidence or argument relevant and not unduly prejudicial.

Respectfully submitted,

DEIRDRE M. DALY
UNITED STATES ATTORNEY

_____
LIAM BRENNAN
ASSISTANT UNITED STATES ATTORNEY
FEDERAL BAR NO. CT27924

HEATHER CHERRY
ASSISTANT UNITED STATES ATTORNEY
FEDERAL BAR NO. phv07037

U.S. Attorney's Office
157 Church Street
New Haven, CT 06510
(203) 821-3835

**Certificate of Service**

    I hereby certify that on July 27, 2016, a copy of the foregoing was sent electronically to counsel for Ross Shapiro, Michael Gramins, and Tyler Peters through the Court's ECF system.

                                        /s/
                                LIAM BRENNAN
                                ASSISTANT UNITED STATES ATTORNEY