UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | No. 15-cr-00155 (RNC) |
| ROSS SHAPIRO, | : | |
| MICHAEL GRAMINS and | : | |
| TYLER PETERS | : | |
| | : | August 3, 2016 |

### DEFENDANTS' JOINT MOTION ON CONSENT FOR PERMISSION TO ISSUE SUBPOENAS *DUCES TECUM* UNDER RULE 17(C)(1) THAT CALL FOR THE PRODUCTION OF RESPONSIVE MATERIALS TO DEFENSE COUNSEL RATHER THAN TO THE COURT

On July 22, 2016, Defendants moved, pursuant to Rule 17(c)(1) of the Federal Rules of Criminal Procedure, for an Order directing pre-trial return of subpoenas *duces tecum*. The government opposed Defendants' application and oral argument was held via telephonic conference on August 2, 2016. During the conference, the Court granted Defendants' motion for the issuance of subpoenas requesting two categories of information:

1.  asset manager counterparty financial models or analyses of the non-agency RMBS underlying this case ("Subject Trades") including the model assumptions output, date of the same, yield tables and ranges of prices at which the Counterparty considered the RMBS a potentially attractive investment.

2.  documents reflecting non-agency RMBS bids submitted to asset manager counterparties for Subject Trades, including lists of bids received in connection with "bids-wanted in competition" or "BWICs;"

The Court further ordered the parties to meet and confer regarding: (i) the two remaining categories of information sought by the defense, and (ii) whether the subpoenas should be returnable to counsel, rather than to the Court. The parties are in the process of conferring with respect to the former and have conferred, and reached agreement, on the latter.

Accordingly, Defendants respectfully request, with the government's consent, the Court's permission to direct that recipients of the authorized subpoenas produce responsive materials to defense counsel, rather than to the Court.  While Rule 17(c)(1) provides that "the court may direct the witness to produce the designated items in court before trial," doing so in this instance would be cumbersome and impractical as it is anticipated that the productions will be made in electronic format and thus would not be easily inspectable in Court.  Furthermore, Defendants and defense counsel are not located in close proximity to the Court which would increase the burden of conducting any such inspection in Court.

The government has consented to this application, both with respect to the subpoenas *duces tecum* authorized by the Court to date, as well as any future subpoenas that may be authorized, subject to defense counsel's agreement to provide to the government, immediately upon receipt, copies of any productions made to counsel.

Dated:  August 3, 2016

        Respectfully submitted,

        PETRILLO KLEIN & BOXER LLP

        By:   /s/ Joshua Klein
        Guy Petrillo (CT19924)
        Joshua Klein (PHV07748)
        655 Third Avenue, 22nd Floor
        New York, New York 10017
        Telephone: (212) 370-0330
        Facsimile:   (212) 370-0391
        gpetrillo@pkbllp.com
        *Attorneys for Ross Shapiro*

        ALSTON & BIRD LLP

        By:   /s/ Brett D. Jaffe
        Brett D. Jaffe (PHV07701)
        Joseph G. Tully (PHV07702)
        90 Park Avenue

15th Floor
New York, NY 10016-1387
Telephone: (212) 210-9400
Facsimile: (212) 210-9444
Brett.Jaffe@alston.com
*Attorneys for Tyler Peters*

GREENBERG TRAURIG LLP

By: <u>/s/ Marc L. Mukasey</u>
Marc L. Mukasey (PHV07694)
Greenberg Traurig LLP
200 Park Avenue
New York, NY 10166
Telephone: (212) 801-9200
Facsimile: (212) 801-6400
mukaseym@gtlaw.com
*Attorneys for Michael Gramins*