Marc Mukasey
Tel. 212.801.6832
Fax 212.801.6400
mukaseym@gtlaw.com

October 17, 2016

**<u>VIA EMAIL</u>**

Liam Brennan, Esq.
Heather L. Cherry, Esq.
David E. Novick, Esq.
Assistant United States Attorneys
U.S. Attorney's Office for the District of Connecticut
Connecticut Financial Center
157 Church Street, 25th Floor
New Haven, Connecticut 06510

   **Re:**  *United States v. Shapiro et al.*, Case No. 15-CR-00155 (RNC)

Dear Counsel:

   We write on behalf of all defendants in response to your letter dated September 22, 2016 regarding defendants' expert disclosures.  As a preliminary matter, in light of the adjournment of the trial in this matter until February 27, 2016, defendants continue to work with their expert witnesses to prepare for trial, and defendants continue to await responses from third-parties who have been served, or are expected to be served, with subpoenas pursuant to Rule 17(c).  Under the circumstances, defendants reserve the right to revise and amend their expert disclosures.  As we discussed during our telephone conference on October 7, we will serve any supplemental expert disclosures significantly before trial, and are prepared to agree to do so in the second half of December 2016, rather than the early January 2017 date we discussed by phone.

   We respond below to each of the bulleted issues raised in your letter.

1. *Your disclosure currently states that Mr. Vahey and Mr. Fabozzi will testify about their opinions regarding different aspects of victim models – i.e. their complexity, relative sensitivity and assumptions used.  However, while you propose to have them testify about their opinion on the models, you do not inform us of what their opinions are regarding the models.  For example, you say that Mr. Vahey will testify about "the types of assumption made in the models, and how they impact the output of the models," but you do not explain what those assumptions are that he will testify about or how he will explain the impact on outputs.  Please provide us with the substance of their opinions regarding the models.*

Liam Brennan, Esq.
October 17, 2016
Page 2

Defendants have addressed this issue extensively in their opposition to the government's motion regarding defendants' expert witnesses.  As discussed therein, the disclosures regarding Mr. Vahey and Dr. Fabozzi's testimony on this issue are more than sufficient. The financial models used by the counterparties at issue in this case are very complex and employ a large number of inputs, assumptions, and variables.  At this time, we expect that Mr. Vahey and Dr. Fabozzi will generally describe the complexity of these models; the types of inputs, assumptions, and variables utilized by these models and their importance to valuation; and how these models are used by financial institutions to evaluate residential mortgage-backed securities ("RMBS") and inform their RMBS trading decisions.

2. *Please describe the basis for Mr. Fabozzi's opinion of his analysis of the models used by the victims.  Does Mr. Fabozzi intend to testify about specific models? Did he review any models in preparation for his testimony even if he is not going to specifically cite to them?  Please cite Bates numbers within the discovery of the models he will testify about or any outside source he used to form the basis of his opinion.*

As stated in defendants' expert disclosures and their opposition brief to the government's motion regarding expert witnesses, Dr. Fabozzi's opinions regarding the models used by the financial institutions at issue in this case will be based not only on the modeling documents themselves, but also on his decades of experience teaching, studying, creating, and explaining financial models, and his decades of experience training traders and other personnel at buy-side and sell-side financial institutions about financial modeling.

Nonetheless, to respond to your question specifically, Dr. Fabozzi has reviewed certain financial models provided to defendants during the course of discovery, and may testify about specific models at trial, including ELL001447, HIMCO-PT-00000004, HIMCO-PT-00000009.  Dr. Fabozzi may also review and testify about additional models received during the course of discovery.

3. *Please provide the basis for Mr. Fabozzi's description of the process that non-agency RMBS investors generally use to make investment decisions.  We understand that Mr. Fabozzi's knowledge on this point is from his academic work and not from practical experience.  In response to our motion on this issue, you referred us to his 267 scholarly writings. Dkt. 207 and 207-1. This does not provide the Government with any specificity on this issue. A sampling of the articles you refer us to shows that Fabozzi wrote on, among other things, "A Linear Programming Salary Evaluation Model for High School Personnel," "Partial Elasticities of Factor Substitution Based on CES Production Function: Some Empirical Evidence," and "Have You Seen Any Good Quarterly Statements Lately?"  These provide us no information about how he gained knowledge as to the process that RMBS investors use to make investment decisions.  Please cite the*

2

Liam Brennan, Esq.
October 17, 2016
Page 3

*specific studies or work that Mr. Fabozzi has done, or those performed by others that he has reviewed, to gain knowledge of such process.*

First, we note that your identification of three articles authored by Dr. Fabozzi that do not relate to RMBS is misleading and irrelevant. Obviously, among the hundreds of articles authored by Dr. Fabozzi, there are several that focus on topics other than RMBS. However, your letter ignores the substantial volume of Dr. Fabozzi's academic literature that relates directly to the evaluation of RMBS, which is a critical aspect of the RMBS investment process. The defense identified several such publications in its opposition brief to the government's motion regarding expert disclosures (Dkt. No. 207 at 4 n.1). These publications include, among many others, the *Handbook of Fixed-Income Securities* and the *Handbook of Mortgage-Backed Securities*, which are fixtures on mortgage-backed trading desks across the country, and cover the RMBS investment process extensively.

Second, your letter mischaracterizes the bases for Dr. Fabozzi's testimony. Dr. Fabozzi's knowledge of the RMBS investment process is not based solely on his academic literature. For decades, Dr. Fabozzi has provided training to buy-side and sell-side to traders, salespeople, and portfolio managers regarding the RMBS investment process, which includes, among other things, training on modeling and other valuation techniques and the weight, if any, that should be given to statements made by dealers. In addition, Dr. Fabozzi has taught graduate-level courses at prestigious business schools regarding structured finance and bond valuation, and his books are required reading for RMBS investment employees at several prominent institutional investors in the RMBS market.

4. *Does Mr. Vahey intend to opine about any victim models other than the Ellington and HIMCO's models referenced in your notice? If so, please cite the Bates numbers for the models that he examined to form his opinion. Also, please inform the Government of the substance of his opinion regarding each model.*

Mr. Vahey may opine about other financial models that defendants may receive during the course of discovery including, but not limited to, AllianceBernstein, MKP, PIMCO, and Putnam. Defendants will identify any additional models that will be the subject of Mr. Vahey's testimony at trial.

5. *Is Mr. Vahey's opinion of the HIMCO and Ellington models based on anything other than ELL001447 to ELL001450 and HIMCO-PT-00000004, and HIMCO-PT-00000009 - HIMCO-PT-00000010? If so, please provide us with the Bates numbers within the discovery of the documents that informed his opinion or cite any outside sources that informed his opinion.*

Mr. Vahey's opinion regarding these two financial models, as well as any additional financial models that he reviews in preparation for trial, will be informed not only by the

3

Liam Brennan, Esq.
October 17, 2016
Page 4

documents themselves, but also by Mr. Vahey's years of education, training and experience in the fixed income and RMBS markets.  To the extent Mr. Vahey's opinions about these financial models are informed by other specific documents received during discovery, defendants will identify these documents to the government prior to trial.

6. *Any additional material that your experts have reviewed that has not been turned over to the Government yet, including material received pursuant to Rule 17(c) and material received in the related civil case.*

The defense will provide the government with any documents that defendants' experts intend to testify about at trial, to the extent these documents are not already in the government's possession.

Sincerely,

/s/  Marc Mukasey

Marc Mukasey

cc:     Guy Petrillo, Esq.
        Joshua Klein, Esq.
        Brett Jaffe, Esq.

4