UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA          :

V.                                :      CASE NO. 3:15CR155(RNC)

ROSS SHAPIRO, ET AL.              :

                                ORDER

     The Government has moved to postpone jury selection from February 27 until May 1 based on a family medical emergency of the Assistant United States Attorney who has served as the lead prosecutor on this case.  The Defendants vigorously object.  The motion has been briefed and argued.  For reasons set forth below, I conclude that the motion should be granted.  In accordance with this order, the period of delay resulting from the continuance (i.e. February 27 through May 1) will be excluded under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A) and (B).

     The Act requires that the trial of a defendant commence within seventy days of the filing of the indictment or the defendant's first appearance, whichever is later.  18 U.S.C. § 3161(c)(1).  However, a continuance may be granted if the court finds "that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."  Id. § 3161(h)(7)(A).  The Act lists a number of nonexhaustive factors that must be considered in deciding whether to grant an ends-of-justice continuance.  These include

"[w]hether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section." Id. § 3161(h)(7)(B)(ii).

The Government's need for continuity of counsel is a valid statutory ground for granting a continuance in the interest of justice. See id. § 3161(h)(8)(B)(iv). The weight to be accorded the Government's interest in continuity of counsel depends on, among other things, "(1) the size of the prosecutor's office, (2) whether there is another qualified prosecutor available, (3) how much special knowledge the first prosecutor has developed about the case, (4) how difficult the case is, and (5) how different it is from other cases generally handled by the particular United States Attorney's office." United States v. Lloyd, 125 F.3d 1263, 1271 (9th Cir. 1997).

The Government seeks the requested continuance in the wake of a family medical emergency of AUSA Liam Brennan, who has served as the lead prosecutor on this case since the investigation began approximately two years ago. The current jury selection date was established on the assumption that Mr. Brennan would be able to continue to work full-time on this matter to prepare for trial. Due to unexpected developments

affecting his family, it appears that he will not be available to work on this case for the next four to eight weeks.

In opposing the Government's request, the Defendants do not dispute Mr. Brennan's changed circumstances.  They contend, rather, that the Government should be ready to try the case on the existing schedule, notwithstanding Mr. Brennan's unavailability, because there are two other lawyers on its trial team: David Novick, who serves as Chief of the Financial Fraud and Public Corruption Unit in the U.S. Attorney's office; and Heather Cherry, who has been actively involved in this case since its inception.  The Defendants observe that one or more additional attorneys could be assigned to the case if necessary.

The Government responds that Mr. Novick had no direct personal involvement in this case until relatively recently (approximately six months ago) and therefore lacks Mr. Brennan's special knowledge of the numerous witnesses and voluminous discovery in the case, which is essential for the lead prosecutor to be able to adequately prepare for trial on the existing schedule.  With regard to Ms. Cherry, the Government explains that she is currently before Chief Judge Hall on a trial in a similarly complex white-collar fraud prosecution that is expected to last until mid-February.  The Government acknowledges that other AUSAs could be assigned to the case.  However, the Government states that assigning additional attorneys at this

stage will not enable the Government to make up for the loss of Mr. Brennan in advance of the current trial date.

After careful consideration of the parties' submissions in light of the Lloyd factors, I am persuaded that the Government's interest in continuity of counsel is compelling.  The current trial date was adopted on the understanding that it was the earliest practicable date given the nature and complexity of the case, the volume of discovery, the number of witnesses, and the motions in limine.  None of that has changed.  Discovery, which currently comprises 6,000 gigabytes of data, is ongoing.  The Defendants continue to solicit and receive third party discovery and revise their expert disclosures.  Once discovery and expert disclosures are complete, motions in limine that remain pending will be ripe for final consideration.  The Government still intends to call 15 to 20 witnesses.  The Defendants have listed 90 witnesses and more than 1300 exhibits.  The Defendants have committed to providing lists of witnesses and exhibits that are substantially reduced in number.  Even so, I agree with the Government that it would be objectively unreasonable to expect Mr. Novick and Ms. Cherry to be ready for trial on the existing schedule.

In opposing the continuance, the Defendants state that this case has been and continues to be very disruptive, draining and stressful for them and their families.  They also state that they

and their counsel and witnesses have relied on the existing schedule in making travel, hotel, personal and business arrangements that cannot easily be changed.  All these factors in combination are entitled to substantial weight.

Balancing the parties' interests as shown by the record and taking the public interest into account, I conclude that the ends of justice to be served by granting the requested continuance, specifically, the Government's interest in continuity of counsel, and the public interest in the fair and effective trial of this case, outweigh the Defendants' interest in an earlier trial.  The Government has a legitimate interest in being represented by counsel who are adequately prepared, and the public has a strong interest in a fair and effective trial of the charges in the indictment.  I am persuaded that the requested continuance is necessary to protect those interests.  In reaching this conclusion, I credit and do not discount the Defendants' claim that the continuance will exacerbate the disruption, expense and stress they have already endured.  But there is no claim that the continuance will impair the Defendants' ability to successfully defend the case.  In the absence of any such claim, I conclude that the balance of interests tips decidedly in favor of granting the requested continuance.

Accordingly, the motion is hereby granted.  The period February 27 through May 1, 2017 will be excluded under the Act.

So ordered this 10th day of January, 2017.

/s/   RNC
Robert N. Chatigny
United States District Judge
