UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| v. | : S3 No. 15-cr-00155 (RNC) |
| | : |
| ROSS SHAPIRO, | : |
| MICHAEL GRAMINS and | : April 12, 2017 |
| TYLER PETERS | : |

**DEFENDANTS TYLER PETERS AND MICHAEL GRAMINS' MEMORANDUM OF LAW IN PARTIAL SUPPORT AND PARTIAL OPPOSITION TO ROSS SHAPIRO'S MOTION *IN LIMINE* TO STRIKE SURPLUSAGE, OR, ALTERNATIVELY, ADMIT EVIDENCE RELATING TO NOMURA'S INTERNAL REVIEW, AND PRECLUDE EVIDENCE OR MENTION OF JESSE LITVAK'S INDICTMENT**

Mr. Peters and Mr. Gramins respectfully submit this memorandum of law in partial support and partial opposition to Defendant Ross Shapiro's motion *in limine* to strike the references to him contained in overt acts u and x of the Third Superseding Indictment or, alternatively, to admit evidence of Nomura's internal review showing that Mr. Shapiro complied with Nomura's policies and procedures, and preclude evidence or mention of Jesse Litvak's indictment (the "Motion").

**The Court Should Not Admit Evidence Relating to Nomura's Internal Review**

Messrs. Peters and Gramins object to Mr. Shapiro's request to admit evidence about whether Nomura took disciplinary actions against any employees in 2015 as a result of purported violations of Nomura's policies. Specifically, Mr. Shapiro seeks to introduce evidence that – while he was not terminated for cause by Nomura – other employees (including Messrs. Peters and Gramins) were terminated for cause. By presenting this evidence, Mr. Shapiro seeks to raise an inference that Nomura must have concluded that Messrs. Peters and Gramins and other

terminated employees violated Nomura's trading policies but that Mr. Shapiro did not. This evidence should be excluded.

As a threshold matter, Messrs. Peters and Gramins deny that they violated Nomura policies at any time. When Nomura terminated Messrs. Peters' and Gramins' employment, they were denied any opportunity to defend their conduct because, remarkably, Nomura failed to disclose to them the reasons behind its decisions, let alone the reason Mr. Shapiro suggests. But, beyond that, Nomura's decision to terminate their employment, long after the time period of the alleged conspiracy had ended, is totally irrelevant.

The issue to be decided at trial is whether the government can sustain its allegations that Mr. Peters and Mr. Gramins (and others) violated federal wire fraud and securities fraud statutes. It is not about whether anyone violated internal company policies or whether Nomura's employment decisions were legitimate. The introduction of those termination decisions into evidence would require Messrs. Peters and Gramins to litigate the correctness of Nomura's conclusions and the facts that underlay them, many of which remain unknown to Messrs. Peters and Gramins at this time or might constitute privileged information. Requiring Messrs. Peters and Gramins to litigate those disputes would be totally unfair to them and would distract from the issues before the jury – effectively creating trials within a trial. *See United States v. Pascarella*, 84 F.3d 61, 70 (2d Cir. 1996) (affirming district court's exclusion of co-defendant's proffered evidence because "its admission could have led to a 'trial within a trial'"). Accordingly, Messrs. Peters and Gramins agree with the government that evidence of Nomura's "after-the-fact assessment of the defendants' conduct" is irrelevant to the trial of this matter. *See Government's Opposition to Defendant Shapiro's Motion to Strike Surplusage, or alternatively,*

*Admit Evidence Relating to Nomura's Internal, Review and Preclude Evidence of Mention of Jesse Litvak Indictment* at 9.

Moreover, the facts are not nearly as clear as Mr. Shapiro suggests and do not lead to the conclusion Mr. Shapiro seeks to establish: specifically, that he did not violate company policy while others (including Mr. Peters and Mr. Gramins) did.  In truth, Nomura placed Mr. Shapiro – along with Mr. Peters and Mr. Gramins – on administrative leave long after conducting an internal investigation regarding the trading of RMBS.  While Mr. Gramins and Mr. Peters were later terminated, at no point was Mr. Shapiro allowed to return to work.  Instead, Nomura kept him on administrative leave for approximately 12 more months and then terminated him purportedly as part of a larger reduction in force.  Nomura also refused to pay Mr. Shapiro any outstanding deferred compensation as it had done to Mr. Gramins and Mr. Peters.

In the light of the fact that Nomura disciplined all three defendants, it would be totally illogical to conclude that Nomura believed Mr. Shapiro's conduct was fundamentally different from Mr. Peters' or Mr. Gramins' conduct.  Moreover, Nomura could have had any number of reasons for allowing Mr. Shapiro to remain on administrative leave for 12 more months, some having nothing to do with the allegations in this case.  Perhaps Nomura treated him differently because he had more seniority.  Perhaps Nomura feared that he would bring an employment claim if fired.  It is not unusual for companies to avoid employment litigation by delaying the termination of employees until a more opportune time.  Perhaps Mr. Shapiro had an attorney who insisted on this treatment.  Perhaps Nomura terminated Mr. Peters, Mr. Gramins, and others – not because it believed they violated policy any more than Mr. Shapiro – but because it wanted to curry favor with the government as part of its corporate cooperation efforts.

The point is that the inference Mr. Shapiro seeks to draw does not follow from the relevant facts. This is exactly why it would be totally unfair to allow evidence of Nomura's alleged decision-making process into this case.

It would be pure speculation to argue that Nomura's employment actions demonstrate a thoughtful and reliable determination that Mr. Shapiro did not do anything wrong but that Mr. Peters and Mr. Gramins did. What Nomura decided, long after the time period of the alleged conspiracy, is irrelevant to the trial of this case and any evidence of its *post hoc* employment decisions should be excluded from the trial of this matter.

### The Government Should Be Precluded From Referencing the Litvak Indictment

Messrs. Gramins and Peters agree with the Motion to the extent it seeks to preclude evidence or mention of the indictment against Jesse Litvak. As Mr. Shapiro states in the Motion, "[a]ny evidence or mention of the charges against Mr. Litvak should be precluded at trial on grounds that such evidence is irrelevant and highly prejudicial," and Messrs. Gramins and Peters concur with the arguments presented by Mr. Shapiro in support of that statement. *Id.* at 14-16. Accordingly, we respectfully request that the Court grant the portion of the Motion seeking to preclude evidence or mention of Jesse Litvak's indictment.

## CONCLUSION

For the foregoing reasons, Defendants Gramins and Peters respectfully request that the Court grant Mr. Shapiro's motion in part and deny it in part so as to exclude evidence in the form of the disciplinary measures imposed by Nomura following its internal investigation, and preclude evidence or mention of the indictment against Jesse Litvak.

Respectfully submitted,

ALSTON & BIRD LLP

By: /s/ Michael Brown
Michael Brown (PHV08372)
Brett D. Jaffe (PHV07701)
Joseph G. Tully (PHV07702)
90 Park Avenue
New York, NY 10016
Telephone: (212) 210-9493
Facsimile: (212) 210-9444
brett.jaffe@alston.com
mike.brown@alston.com
joe.tully@alston.com

BRAFMAN & ASSOCIATES, P.C.

By: /s/ Alex Spiro

Alex Spiro, Esq. (PHV08071)
767 Third Avenue, 26th Floor
New York, NY 10017
aspiro@braflaw.com
Tel: 212-750-7800
*Attorneys for Defendant Tyler Peters*

GREENBERG TRAURIG LLP

By:   /s/ Marc L. Mukasey
Marc L. Mukasey (PHV07694)
Jeffrey B. Sklaroff (PHV 08423)
Robert S. Frenchman (PHV08424)
200 Park Avenue
New York, NY 10166
Telephone: (212) 801-9200
Facsimile: (212) 801-6400
*Attorneys for Michael Gramins*

5

**CERTIFICATION OF SERVICE**

I hereby certify that on April 12, 2017, a copy of foregoing Memorandum in Partial Support and Partial Opposition to Ross Shapiro's Motion in Limine to Strike Surplusage, or, Alternatively, Admit Evidence Relating to Nomura's Internal Review, and Preclude Evidence or Mention of Jess Litvak's Indictment was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

Dated: New York, New York
April 12, 2017

/s/ Michael Brown