UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | No. 15-cr-00155 (RNC) |
| ROSS SHAPIRO, | : | |
| MICHAEL GRAMINS and | : | |
| TYLER PETERS | : | |
| | : | MAY 1, 2017 |
| | : | |

**DEFENDANTS' SUPPLEMENTAL MEMORANDUM OF LAW
IN FURTHER SUPPORT OF THEIR MOTION *IN LIMINE* TO PRECLUDE
<u>EVIDENCE OR MENTION OF THE LITVAK INDICTMENT</u>**

PETRILLO KLEIN & BOXER LLP
655 Third Avenue, 22nd Floor
New York, New York 10017
Telephone: (212) 370-0330
*Attorneys for Ross Shapiro*

GREENBERG TRAURIG LLP
200 Park Avenue
New York, NY 10166
Telephone:  (212) 801-9200
*Attorneys for Michael Gramins*

ALSTON & BIRD LLP
90 Park Avenue, 15th Floor
New York, NY 10016
Telephone: (212) 210-9400
*Attorneys for Tyler Peters*

BRAFMAN & ASSOCIATES, P.C.
767 Third Avenue, 26th Floor
New York, NY 10017
Telephone: (212) 750-7800
*Attorneys for Tyler Peters*

Defendants Ross Shapiro, Michael Gramins, and Tyler Peters respectfully submit this supplemental memorandum of law in further support of their motion *in limine* to preclude evidence of the Litvak indictment (Dkt. 328, 353) and in opposition to the Second Supplemental Submission on Evidence of the Litvak Indictment ("Gov't Supp. Br.") filed by the government on April 27, 2017 (Dkt. 370).[1]

During the April 24, 2017 teleconference, the Court asked the government to point to precedent where a prior indictment was offered (1) to prove that the indictment clarified the securities laws on a given matter prior to a defendant's own indictment; or (2) more broadly, to prove the charges in a criminal matter. With respect to the Court's first request, the government remains unable to point the Court to any precedent, presumably because none exists. With respect to the Court's second request, the government located a single case, *United States v. Steinberg*, No. 12 Cr. 121 (RJS) (S.D.N.Y. 2013). In *Steinberg,* the district court permitted the government, as evidence of the defendant's consciousness of guilt, to ask a cooperating witness about the arrests of separately-charged individuals on insider trading charges and the witness' subsequent conversations with the defendant. *Steinberg* is flatly inapposite and cannot serve as precedent for the admission of evidence of the Litvak indictment in this case. As the Court observed during the teleconference, presenting evidence of the Litvak indictment at trial will convey to the jury that the defendants, whose conduct is substantially similar to Mr. Litvak's, also committed criminal acts. It is this danger – a jury verdict influenced by unfair prejudice – that must be guarded against by an order precluding the government from offering evidence of, or mentioning, the Litvak indictment.

---

[1] For the sake of efficiency, the defendants have filed this brief jointly, but respectfully request to be heard separately during further oral argument on this issue.

In *Steinberg*, there was no dispute that the core factual allegations, if proven, constituted the crime of insider trading. And insider trading is a crime that most lay people (and, presumably, most jurors) have heard of and understand is a federal offense. That is not the case here.[2] By the government's own admission, until Litvak was charged, it was not at all clear that the government believed conduct of the kind alleged in this case constituted a criminal offense. As recognized by the Court, that is why evidence or mention of the Litvak indictment is so dangerous in this case.

Moreover, the Litvak indictment has far less probative value than that ascribed to Mr. Steinberg's discussions about the Galleon investigation. For example, the government claims that "putting aside defendants' subsequent malfeasance, their reaction to Litvak and the compliance meeting reflected their own guilty knowledge that they had been engaging in just this type of dishonest conduct." Gov't Supp. Br. at 7. This assertion is specious. The specific "reaction" the government identifies is the decision by Messrs. Gramins and Shapiro to convene a meeting with the junior traders to convey the Compliance Department's instructions not to lie to counterparties about Nomura's purchase price. Gov't Supp. Br. at 7. The government cannot explain how instructing junior traders not to lie and *to follow the directives of Nomura's Compliance Department* somehow reflects a "guilty mind" rather than an *innocent* one. The fact that Nomura's compliance officer claims she lacked knowledge that the alleged conduct was occurring at Nomura *is wholly irrelevant*. There is no evidence or allegation that the defendants ever concealed their conduct from anyone at Nomura in the period preceding the Litvak indictment. Consequently, directing the troops to follow the rules is *exculpatory*, not inculpatory. The government's attempt to obfuscate this inconvenient truth by shocking the jury

---

[2] Presumably this is the reason the Court asked the government for a case where a prior indictment was offered as proof that the criminal laws had been clarified before a defendant was charged with a criminal offense.

with the inflammatory fact that another individual at an unrelated institution was *indicted* for similar conduct should be checked.

Finally, in *Steinberg*, the defense was, "I didn't do (factually) what the government says I did." Here, there is little factual dispute about the defendants' conduct. What is in serious dispute, and will be the centerpiece of the issues to be decided by the jury, is the *import* of that conduct under the federal criminal law. The government would have the jury believe that the defendants violated the federal securities and wire fraud statutes. But the government has the burden to *prove* beyond a reasonable doubt that all of the elements of such alleged violations were committed. The government should not be permitted to shortcut its burden and obtain what amounts to a directed verdict by conveying to the jury that the defendants must be guilty because the government charged Litvak with violating the federal securities laws for like conduct. This is exactly the type of unfair prejudice that Rule 403 is designed to guard against and that a limiting instruction cannot cure.

The government's relentless insistence on introducing evidence of an *indictment* – rather than a "filed lawsuit," or some other similarly-worded reference indicating that a claim was being made – betrays the government's true intent. It wants to focus this jury on defendants' reactions to charges filed in *another* criminal case, rather than the central issues presented in *this* case – namely, whether defendants' alleged misrepresentations were material and deprived and were intended to deprive counterparties of the benefit of their bargain.[3] But the evidence the

---

[3] Here, based on the 3500 material produced to date and the government's exhibit list, the government clearly seeks to make the prosecution of Litvak a centerpiece of the trial, by calling several witnesses and introducing documents referencing Litvak. In *Steinberg*, by contrast, the government explained to the court that it "plan[ned] to elicit no more about Galleon or any other law enforcement action than [was] necessary to provide the relevant context to Steinberg's statements and his reactions to the statements of others," and emphasized that, "*[i]n no other way does the Government intend to characterize any of these law enforcement actions as highly significant events.*" Exhibit 2 to Gov't Supp. Br. at 3 (emphasis added). The use and magnitude – and therefore prejudice – of the Galleon evidence in that case is far different from what the government intends here.

government seeks to elicit purportedly to prove defendants' state of mind and intent in the post-Litvak period – in particular, the February 2013 compliance meeting and subsequent "huddle" where employees were instructed not to lie, and an alleged increase in use of the phones by certain members of the trading desk[4] – can be introduced without any need to reference the Litvak indictment.  To ensure that defendants receive a fair trial, the Court should not permit the government to introduce "evidence" in the form of an indictment that is essentially cumulative of, yet far more prejudicial than, other proof that the government intends to offer.[5]

---

[4] The government's emphasis on the alleged directive by Mr. Gramins to use the phones blindly ignores the fact that the defendants and other RMBS traders knew in late 2012 that the phone lines were to be recorded, and the calls were being recorded in early 2013 before the alleged 2013 trades occurred.  Indeed, the government has marked phone recordings as exhibits in this case.  The parallel to Steinberg is ironic given Mr. Steinberg's efforts to avoid speaking by phone under circumstances in which he believed conversations might be recorded.

[5] Mr. Shapiro objects to the government, yet again, misleadingly referring to a "fraudulent trade involving Gramins and Shapiro in November 2013."  *See* Gov't Supp. Br. at 8.  As we have explained in prior submissions and argument, the Indictment *does not properly allege fraud by Mr. Shapiro in 2013* and the government *has not proffered otherwise.*

Accordingly, defendants respectfully request that the Court grant their motion to preclude evidence or mention of the Litvak indictment at trial.

Respectfully submitted,

PETRILLO KLEIN & BOXER LLP

By: /s/ Amy Lester
Guy Petrillo (CT19924)
Joshua Klein (PHV07748)
Amy Lester (PHV08919)
655 Third Avenue, 22nd Floor
New York, New York 10017
Telephone: (212) 370-0330
Facsimile: (212) 370-0391
alester@pkbllp.com
*Attorneys for Ross Shapiro*

GREENBERG TRAURIG LLP

By: /s/ Marc L. Mukasey
Marc L. Mukasey (PHV07694)
Greenberg Traurig LLP
200 Park Avenue
New York, NY 10166
Telephone: (212) 801-9200
Facsimile: (212) 801-6400
mukaseym@gtlaw.com
*Attorneys for Michael Gramins*

ALSTON & BIRD LLP

By: /s/ Brett D. Jaffe
Brett D. Jaffe (PHV07701)
Michael Brown (PHV08372)
Joseph G. Tully (PHV07702)
90 Park Avenue, 15th Floor
New York, NY 10016
Telephone: (212) 210-9400
Facsimile: (212) 210-9444
Brett.Jaffe@alston.com
*Attorneys for Tyler Peters*

5

BRAFMAN & ASSOCIATES, P.C.

By: /s/ Alex Spiro
Alex Spiro, Esq. (PHV08071)
767 Third Avenue, 26th Floor
New York, NY 10017
Telephone: (212) 750-7800
Facsimile: (617) 755-4555
aspiro@braflaw.com
*Attorneys for Tyler Peters*

**CERTIFICATION OF SERVICE**

I hereby certify that on May 1, 2017, a copy of foregoing Supplemental Memorandum of Law in Further Support of Defendants' Motion *in Limine* to Preclude Evidence or Mention of the Litvak Indictment was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

Dated: New York, New York
       May 1, 2017

    /s/ Mirah Curzer
Mirah Curzer (PHV08047)
655 Third Avenue, 22nd Floor
New York, New York, 10017
Telephone: (212) 370-0330
Facsimile: (212) 370-0391
mcurzer@pkbllp.com