# PETRILLO KLEIN & BOXER LLP

655 Third Avenue
22nd Floor
New York, NY 10017
Telephone: (212) 370-0330
www.pkbllp.com

Guy Petrillo
Direct Dial: (212) 370-0331
Cell:            (646) 385-1479
gpetrillo@pkbllp.com

May 24, 2017

BY E-MAIL

The Honorable Robert N. Chatigny
United States District Court
District of Connecticut
Abraham Ribicoff Federal Building
450 Main Street
Hartford, CT 06103

      Re:   *United States v. Shapiro, et al.*,
              15-CR-00155 (RNC)

Dear Judge Chatigny:

      We write on behalf of defendants Ross Shapiro, Michael Gramins, and Tyler Peters regarding two types of charts the government seeks to introduce and/or use during the testimony of the case agent.  The first is a series of purported demonstrative charts containing identifying information for each trade at issue, matched with the specific count or overt act in the Indictment relating to that trade, along with certain price- and purported "profit"-related information for each trade (the "'Profit' Charts").[1]  The second is a series of charts containing selected communications relating to the negotiations of the trades (the "Trade Charts"), some of which have already been used as demonstrative exhibits by the government during the testimony of witnesses.[2]

      "Profit" Charts

      The "Profit" Charts, copies of which have been provided to the Court by the government, are documents that amount to argument not summaries.  They are accordingly improper under Rule 611 of the Federal Rules of Evidence.

---

[1] Defendants do not understand the government to be seeking admission of the "Profit" Charts as substantive evidence.

[2] Prior to trial, Defendants objected to the use of these Trade Charts. *See* Dkt. 340 at 9-16. The Court ruled that the charts could be used as demonstrative exhibits and reserved on whether they could be admitted as substantive evidence. *See* 4/13/2017 Hr'g Tr. at 75:19-76:2.

Hon. Robert N. Chatigny
May 24, 2017
Page 2

Each of the charts purports to identify the ticks agreed to during a trade and then adds to those ticks undisclosed markup, expressed in ticks, to arrive at a total markup expressed in ticks. The evidence adduced at trial shows that this is a flawed presentation, and at best, constitutes an argument that the government seeks to present, not a summary of evidence.

The testimony from the counterparties in this case is that they regularly engaged in order trades *without* any dealer representation concerning acquisition cost. In such cases, they transact on an all-in basis, including undisclosed margin. As a result, even accepting the government's characterization (for the purposes of argument only) that the trades in which alleged misrepresentations as to dealer cost were made involve some form of questionable markup, such alleged questionable markup could only be the *disclosed* ticks, not the ordinary course undisclosed markup. Thus the charts are fundamentally flawed and would mislead the jury.

In any event and at best, the government's contrary view of how the evidence should be viewed is a matter of argument, not summary. Such argument is not a matter for summary charts.

In addition, the government intends to use these charts to present an interim summation through the testimony of the case agent. This intention is evident in the fact that the "Profit" Charts contain specific reference to the overt acts or counts in the Indictment to which the trade at issue relates. The government thus seeks to argue, through the agent's testimony, that each of these overt acts and/or counts has been proven. This is plainly improper. *See, e.g.*, *United States v. Yakobowicz*, 427 F.3d 144, 151 (2d Cir. 2005) ("any summation-like remarks by counsel during the presentation of evidence are improper and subject as a routine matter to being stricken" and constitute "structural error requiring reversal").

Accordingly, we respectfully request that the government's offer of the summary charts during the testimony of the case agent be denied.

Trade Charts

The Court ruled today that the Trade Charts would likely be admitted. We write to request reconsideration of this ruling. First, the Trade Charts go far beyond the permissible bounds of Rule 1006 of the Federal Rules of Evidence and should not be admitted into evidence at trial. The Trade Charts provide a slanted, syllogistic map highlighting specific, cherry-picked portions of the relevant evidence in an argumentative format that underscores the government's theory of the case. "Courts have long required that district courts ascertain that summary charts 'fairly represent and summarize the evidence upon which they are based.'" *United States v. Citron*, 783 F.2d 307, 316 (2d Cir. 1986). "Care must be taken to insure that summaries accurately reflect the contents of the underlying documents and do not function as pedagogical devices that unfairly emphasize part of the proponent's proof or create the impression that disputed facts have been conclusively established or that inferences have been directly proved." *United States v. Drougas*, 748 F.2d 8, 25 (1st Cir. 1984) (chart summarizing "telephone traffic" of over 100 calls properly admitted) (citing J. Weinstein and M. Berger, Weinstein's Evidence § 1006 [07] (1983)). Unless the requirement of fairness in representation and summary is met,

2

Hon. Robert N. Chatigny
May 24, 2017
Page 3

"the chart is more likely to confuse or mislead the jury than it is to assist it." *Citron*, 783 F.2d 307. This "necessary precondition" to the admission of a summary chart is particularly important when the chart is based upon the government's factual assumptions. *United States v. Taylor*, 210 F.3d 311, 315-16 (5th Cir. 2000) (district court erred in admitting organizational chart that "did not accurately reflect the underlying testimony").

      Here, the government intends to use the Trade Charts to argue to the jury the inferences they should draw from communications concerning Defendants' intent during each trade. But the government's arguments are not evidence, as the jury will be instructed, and the government should not be permitted to have what amounts to argument in the form of a chart delivered to the jury room. *See United States v. Bray*, 139 F.3d 1104, 1110 (6th Cir. 1998) (warning that charts must be "nonprejudicial and presented in a "nonmisleading manner" because "a summary [chart] containing elements of argumentation could very well be the functional equivalent of a mini-summation by the chart's proponent every time the jurors look at it during their deliberations"). If the Trade Charts were admitted into evidence, there would be a grave danger that the jury would focus on the charts to the exclusion all else. As the Court observed during the final pretrial conference, there is a "risk of potential prejudice associated with culling something out, putting it in writing, and . . . asking the jury to focus on that, more so than anything else" that was admitted as evidence in the case. 4/13/2017 Hr'g Tr. at 75. The unfair prejudice of sending the Trade Charts into the jury room is real and substantially outweighs the minimal value the charts might have in pointing the jury to the communications surrounding each trade during their deliberations.[3]

      Second, the Trade Charts falsely imply that there should have been full transparency from Nomura, when in fact, the evidence at trial has demonstrated that the non-agency RMBS market was *not* transparent, and that the counterparties would not have had the ability or the right to obtain information about, for example, Nomura's acquisition price. The evidence has further shown that undisclosed margin is routine in trades where dealer cost is not disclosed. The Trade Charts therefore present to the jury as a given fact the faulty premise on which the government's case rests – that Nomura somehow had an obligation of transparency to the counterparties with whom it dealt in arm's-length price negotiations.

      For all of these reasons, the Trade Charts should not be admitted into evidence.

---

[3] As the Court has undoubtedly observed, the jury has been exceptionally attentive throughout the trial and many jurors appear to be actively taking notes.

3

Hon. Robert N. Chatigny
May 24, 2017
Page 4

                        Respectfully submitted,

                        PETRILLO KLEIN & BOXER LLP

                    By: /s/ Guy Petrillo
                        Guy Petrillo (CT19924)
                        Joshua Klein (PHV07748)
                        Amy Lester (PHV08919)
                        655 Third Avenue, 22nd Floor
                        New York, New York 10017
                        Telephone: (212) 370-0330
                        Facsimile: (212) 370-0391
                        *Attorneys for Ross Shapiro*

cc: All Counsel

## **CERTIFICATION OF SERVICE**

I hereby certify that on May 24, 2017, a copy of foregoing letter was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

Dated: Hartford, CT
      May 24, 2017

 /s/ Leonid Sandlar
Leonid Sandlar (PHV07700)
655 Third Avenue, 22nd Floor
New York, New York 10017
Telephone: (212) 370-0330
Facsimile: (212) 370-0391
lsandlar@pkbllp.com