# PETRILLO KLEIN & BOXER LLP

655 Third Avenue
22nd Floor
New York, NY 10017
Telephone: (212) 370-0330
www.pkbllp.com

Guy Petrillo
Direct Dial: (212) 370-0331
Cell: (646) 385-1479
gpetrillo@pkbllp.com

May 29, 2017

BY E-MAIL

The Honorable Robert N. Chatigny
United States District Court
District of Connecticut
Abraham Ribicoff Federal Building
450 Main Street
Hartford, CT 06103

Re:   *United States v. Shapiro, et al.*, 15-CR-00155 (RNC)

Dear Judge Chatigny:

On behalf of Defendants, we respectfully submit this letter to object to the use in Special Agent O'Connor's testimony of the second version of summary "profit" charts proposed by the government, and on a protective basis to interpose an objection to certain anticipated testimony of the Special Agent.

The government's proposed amended summary charts continue to constitute improper argument, rather than summary charts of voluminous information as contemplated by Federal Rule of Evidence 1006.  The defense objects to their use in the testimony of the Special Agent.

1. As an initial matter, the arithmetic associated with the government's theory of damage in this case has already been demonstrated to the jury during the testimony of Mr. Harrison. There is no need to re-demonstrate this arithmetic.  Moreover, the defense would not object to a marshaling of that arithmetic in the government summation, and stands ready to review the government's calculations before summation to avoid mid-summation objection.  (For this reason, the summary "profit" charts would also not be time-saving or a more effective method for presenting the arithmetic than has already occurred, under Rule 611(a).)

2. Rule 1006 contemplates summary charts to prove the content of "voluminous" writings. The chat portions relevant to each trade are not voluminous.  The government has already picked out the portions of each that it argues support its theory of the case, and, as the Court has seen, the sum total of the negotiation utterances is not lengthy.

Hon. Robert N. Chatigny
May 29, 2017
Page 2

3. Any presentation of calculated damages in this case based on the government's proposed approach is and must be argument, given the abundant evidence in the case that counterparties paid undisclosed margin in the ordinary course when the dealer did not represent its cost in a price-negotiated trade. Given such evidence, a damages calculation cannot properly be presented as the government suggests. In the absence of the misrepresentations alleged here, as the witnesses have confirmed, the outcome of the negotiations is unknowable. In this light, while the government is free, of course, to argue in summation that its way of looking at the matter implies the damages it perceives, the Special Agent's testimony on this matter cannot properly duplicate that argument. Again, we have no objection to a stipulated government calculation for presentation in the government's summation.

4. As an illustration of the argumentative nature of the charts, consider the HVMLT 2005-14 5A1A trade on 3/16/2011.[1] There, after Nomura indicated to Putnam that Nomura believed it could buy the bond at $63, Putnam said it would model the bond and delayed an indication that it would be interested at this price level. As reflected in the VCON ticket, Nomura then went ahead and purchased the bond at $62, expending capital and taking the bond on to its balance sheet. Putnam only agreed after the finalized trade to bid $62-24. In the interim, Nomura had no obligation to offer the bond to Putnam. Putnam had no obligation to bid. Negotiation ultimately resulted in its purchase of the bond from Nomura at $63. To argue through numbers that Putnam incurred damage in this case would be wholly without merit.

5. It is the very nature of this case – where the parties dispute the significance of what is said in the chats to the legal issues presented – that summary charts presenting the government's interpretation of the disputed facts through numbers amounts to argument.

Accordingly, the defense opposes, as contrary to the Rules of Evidence, use of the government's proposed charts in Special Agent O'Connor's testimony.

We also wish to bring to the attention of the Court that the defense will object to questions of the Special Agent that elicit his decades of experience in investigating and prosecuting "white collar" crime and "fraud" cases, unless some showing of relevance is first made outside the presence of the jury. Putting the charts aside, we anticipate that the Special Agent will testify about ministerial matters concerning which his decades of experience is irrelevant. Mention of these terms, and the suggestion that the case has merit because a seasoned FBI agent (here, a Supervisory Special Agent with the FBI for many years) would otherwise not be involved, would be unduly prejudicial in a context where the testimony would have no

---

[1] *See* GX 14A at timestamp 17:02:55 (Putnam's Zach Harrison states "what do i need on hvmlt?"), *id.* at timestamp 17:02:55 ("working on it now"), *id.* at timestamp 17:08:18 ("i have modeeld this, guna have thots shortly"); *see also* GX 14B (VCON recording Nomura's purchase from MKP at 17:14:57); GX 14A at timestamp 17:16:34 (Harrison bidding 62-24); GX 14C at timestamp 17:24:45 (Ross Shapiro: "we are gonna do some trades here Zach"); GX 14D (VCON recording Nomura's sale to Putnam at 18:09:31).

Hon. Robert N. Chatigny
May 29, 2017
Page 3

probative value.   We have asked the government for its position in this matter, and have received no response.

                    By:  /s/ Guy Petrillo
                    Guy Petrillo (CT19924)
                    Joshua Klein (PHV07748)
                    Amy Lester (PHV08919)
                    655 Third Avenue, 22nd Floor
                    New York, New York 10017
                    Telephone: (212) 370-0330
                    Facsimile:  (315) 873-2015
                    gpetrillo@pkbllp.com
                    *Attorneys for Ross Shapiro*

cc: All Counsel

## **CERTIFICATE OF SERVICE**

      I hereby certify that on May 29 2017, a copy of foregoing letter was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

Dated: New York, New York
        May 29, 2017

                                              /s/ Leonid Sandlar
                                              Leonid Sandlar (PHV07700)
                                              655 Third Avenue, 22nd Floor
                                              New York, New York 10017
                                              Telephone: (212) 370-0330
                                              Facsimile: (212) 370-0391
                                              lsandlar@pkbllp.com