UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | No. 3:15CR155 (RNC) |
| | : | |
| v. | : | |
| | : | |
| ROSS SHAPIRO, | : | |
| MICHAEL GRAMINS, and | : | May 29, 2017 |
| TYLER PETERS | : | |

**GOVERNMENT'S REQUESTED
SUPPLEMENTAL JURY INSTRUCTIONS**

The Government respectfully requests that the Court include the following instructions in its jury charge, supplementing the Government's earlier requests to charge.

**A.    Obligation to Speak Truthfully / Half-Truths**

Defendants have chosen to introduce evidence that they had no duty to disclose Nomura's purchase or sale prices to victims in trade negotiations, and that (at least after *Litvak*) attempted to be technically accurate while still misleading their customers. Accordingly, the Government requests the following instruction be added to its prior requests to charge concerning the definition of a "fraudulent" statement:

> A statement may also be fraudulent if it contains half-truths or if it conceals material facts in a manner which makes what is said or represented deliberately misleading. While a person may not have an independent duty to disclose information on an issue or topic, once that person chooses to speak, he has a duty to speak truthfully and to tell the whole truth.

*In re Vivendi, S.A. Sec. Litig.*, 838 F.3d 223, 258 (2d Cir. 2016) ("It is well-established precedent in this Circuit that 'once a company speaks on an issue or topic, there is a duty to tell the whole truth,' '[e]ven when there is no existing independent duty to disclose information' on the issue or topic.") (citations omitted); *Meyer v. Jinkosolar Holdings Co.*, 761 F.3d 245, 250 (2d Cir. 2014) ("Even when there is no existing independent duty to disclose information, once a company speaks

on an issue or topic, there is a duty to tell the whole truth."); *SEC v. Gabelli*, 653 F.3d 49, 57 (2d Cir. 2011) ("The law is well settled . . . that so called 'half truths'—literally true statements that create a materially misleading impression—will support claims for securities fraud."), rev'd on other grounds sub nom., *Gabelli v. SEC*, 568 U.S. 442 (2013); *Caiola v. Citibank, N.A., N.Y.*, 295 F.3d 312, 331 (2d Cir. 2002) ("[T]he lack of an independent duty [to disclose] is not ... a defense to . . . liability[,] because upon choosing to speak, one must speak truthfully about material issues."); *United States v. Autuori*, 212 F.3d 105, 118 (2d Cir. 2000) ("[I]t is just as unlawful to speak 'half truths' or to omit to state facts necessary to make the statements made, in light of the circumstances under which they were made, not misleading."); *S.E.C. v. Syron*, 934 F. Supp. 2d 609, 629 (S.D.N.Y. 2013) ("[O]nce a party chooses to discuss material issues, it 'ha[s] a duty to be both accurate and complete' so as to avoid rendering statements misleading.") (quoting *Caiola*, 295 F.3d at 331).

### B.  Reliance Not a Required Element

In light of defendants' decision to argue that the victims should not have relied on misrepresented price information, the Government requests the following instruction be added to the materiality instruction in its prior requests to charge:

> PRIOR REQUEST:  A statement or omission is "material" if there is a substantial likelihood that a reasonable investor, under the circumstances in which the statement was made or omitted, would have considered it important in making his or her investment decision. This means that if you find a particular statement or omission of fact to have been false, you must determine whether that statement or omission was one that a reasonable investor was likely to have considered important in making his or her decision (1) to buy or sell an RMBS bond; or (2) at what price to bid on an RMBS bond or offer an RMBS bond for sale; or (3) at what price to actually buy or sell an RMBS bond.

*See* May 5, 2017 Government Letter to the Court Regarding Jury Instructions at 2 (modifying Government's original request, Dkt. # 314 at 25).

> REQUESTED ADDITION:  Materiality does not require proof of a substantial likelihood that disclosure of the truth or the omitted fact would have caused a reasonable investor to act differently.

*United States v. Litvak*, 3:13CR19 (JCH), Jan. 13, 2017 Jury Instructions [Dkt. #523] at 47.

The Government's prior proposal sought to streamline the extremely long materiality instruction used in *Litvak*, and thus did not include an instruction for the basic proposition that reliance is not a required element of any charged crimes.  *Neder v. United States*, 527 U.S. 1, 24-25 (1999) ("The common-law requirements of 'justifiable reliance' and 'damages,' for example, plainly have no place in the federal fraud statutes.").  Now, since defendants have argued lack of reliance and have requested a far lengthier materiality instruction than that proposed by the Government, the jury should be given an accurate statement of the relevant law, including that reliance is not required.

### C. Period of The Conspiracy

In light of arguments advanced by defendants during trial, the Government requests the following instruction be added to its prior requests to charge:

> It is not necessary for the Government to prove that the conspiracy lasted throughout the entire period alleged, that is 2009 through 2013, but only that it existed for some time within that period.

*See* 1 Sand, Modern Federal Jury Instructions, Number 19-3S; *see also United States v. Heimann*, 705 F.2d 662, 667 (2d Cir. 1983) ("Since the fraudulent scheme that the government proved against Heimann fell within the period charged in the indictment, we conclude that there was no fatal variance."); *United States v. Davis*, 679 F.2d 845, 852 (11th Cir. 1982) ("Neither is time an essential element so long as the time frame proved was within the period alleged in the indictment."); *United States v. Ulbricht*, No. 14-cr-68 (KBF), 2015 U.S. Dist. LEXIS 11938 at *15-16 (S.D.N.Y February 2, 2015) (approving instruction "As long as the conduct occurred around any dates or within any time periods the Indictment alleges it occurred, that is sufficient.").

- 4 -

Respectfully submitted,

DEIRDRE M. DALY
UNITED STATES ATTORNEY

_____/s/_____
DAVID E. NOVICK
ASSISTANT UNITED STATES ATTORNEY
Federal Bar No. PHV02874
LIAM BRENNAN
HEATHER CHERRY
ASSTANT UNITED STATES ATTORNEYS

U.S. Attorney's Office
157 Church Street
New Haven, CT 06510
(203) 821-3700
David.Novick@usdoj.gov

- 5 -

**Certificate of Service**

    I hereby certify that on May 29, 2017, a copy of the foregoing was sent electronically to counsel for Ross Shapiro, Michael Gramins, and Tyler Peters through the Court's ECF system.

                                                             /s/
                                        DAVID E. NOVICK
                                        ASSISTANT UNITED STATES ATTORNEY