UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    v.<br><br>ROSS SHAPIRO,<br>MICHAEL GRAMINS, and<br>TYLER PETERS,<br><br>                  Defendants. | No. 15-cr-00155 (RNC)<br><br>May 31, 2017 |

**DEFENDANT MICHAEL GRAMINS' MOTION TO STRIKE SURPLUSAGE**

    Defendant Michael Gramins, by the undersigned counsel, respectfully moves this Court for an Order striking references to Mr. Gramins in overt acts (d) and (n) from the Third Superseding Indictment [Dkt. No. 307] ("Indictment").[1]

    In a desperate effort to tie Mr. Gramins to as much alleged misconduct as possible, the government has included references to Mr. Gramins throughout the descriptions of overt acts in Count One of the Indictment. Yet, a closer look at the proof reveals that in certain instances Mr. Gramins took no part in the alleged overt act. As such, those references to Mr. Gramins are irrelevant, prejudicial, and must be stricken from the Indictment as surplusage.

---

[1] Mr. Gramins reserves the right to move on other overt acts, including those related to the JPMAC 2006-WMC1 A4 trade, depending on how the Court rules on motions by Ross Shapiro and Tyler Peters to strike surplusage. Furthermore, if the Court grants the pending motion to strike Mr. Shapiro's name from overt act (u) and allegations of conduct after the Litvak Indictment remain as overt acts alleged to have been committed by Mr. Gramins, then it would be unduly prejudicial to Mr. Gramins to specifically instruct the jury that both of his co-defendants did not commit any misconduct after the Litvak Indictment. Such an instruction would unfairly and prejudicially focus the spotlight after the Litvak Indictment on Mr. Gramins.

## ARGUMENT

I.   **The References To Mr. Gramins In Overt Acts (d) And (n) Of The Indictment Should Be Stricken As Irrelevant And Prejudicial Surplusage**

   A.   **Applicable Law**

Rule 7(c)(1) of the Federal Rules of Criminal Procedure requires that an indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). Pursuant to Rule 7(d), "upon the defendant's motion, the court may strike surplusage from the indictment or information." This "rule introduces a means of protecting the defendant against immaterial or irrelevant allegations in an indictment or information, which may, however, be prejudicial." Fed. R. Crim. P. 7(d) Advisory Committee Note; *see also United States v. Miller*, 26 F. Supp.2d 415, 420 (N.D.N.Y.1998) ("The purpose of Rule 7(d) is to protect the defendant against prejudicial allegations of irrelevant facts."). The decision to strike language from an indictment is within the discretion of the trial court. *Id*. Motions to strike should be granted where, as here, "the challenged allegations are not relevant to the crime charged and are inflammatory and prejudicial." *United States v. Scarpa*, 913 F.2d 993, 1013 (2d Cir. 1990).

It is well-settled that to constitute an overt act, an act must be "knowing" and must include an affirmative act or an effort to achieve the object of the charged conspiracy. *Yates v. United States*, 354 U.S. 298, 311 (1957) (overt act must be "knowingly done" in furtherance of the conspiracy's object); *United States v. LaSpina*, 299 F.3d 165, 177 (2d Cir. 2002) ("to constitute an overt act for purposes of the statute of limitations the act must involve some affirmative conduct or deliberate omission on the part of [a conspirator]") (emphasis added); *United States v. Martin*, 228 F.3d 1, 16 (1st Cir. 2000); *United States v. Fleschner*, 98 F.3d 155 (4th Cir. 1996) (court correctly instructed jury that it must find that overt act "was knowingly

committed" by a conspirator in furtherance of the conspiracy); *United States v. Nazzaro*, 889 F.2d 1158, 1164 (1st Cir. 1989) (only acts that evince a conspirator's "active participation" may qualify as overt acts for limitations purposes); *Lonabaueh v. United States*, 179 F. 476, 479 (8th Cir. 1910) (holding that "no act can be so regarded [as an overt act] unless it was a positive rather than a passive one, was the act of one or more of the conspirators, and was done to effect the object of the conspiracy"). Knowing conduct must be deliberate and purposeful affirmative conduct.

Accordingly, "[a]n overt act is something done in pursuance of the conspiracy that tends to show a preexisting conspiracy and manifests the intent to commit the crime that is the object of the conspiracy." Federal Criminal Jury Instructions, 2d ed. § 11.01 (1991) (Comment).

### B. The Reference To Mr. Gramins In Overt Act (d) Should Be Stricken.

Count One of the Indictment alleges a conspiracy between defendants Ross Shapiro, Michael Gramins, and Tyler Peters, and others known and unknown to the grand jury, "beginning in approximately 2009 and continuing through approximately 2013." Indictment ¶ 32. Overt act (d) alleges that:

> On or about March 7, 2011, SHAPIRO, **GRAMINS**, PETERS, Trader A.F. and others conducted an electronic chat with a money manager from Victim 3's PPIP fund, in which Trader A.F. misrepresented to Alliance Bernstein that Nomura bought WAMU 2007-HY3 4A1 for 86-01 when, in fact, Nomura had purchased the bond for 85-25.

*Id.* ¶ 35(d) (emphasis added). The WAMU 2007-HY3 4A1 trade referenced in overt act (d) involved a purchase from Galliard by Nomura, and a sale from Nomura to AllianceBernstein. Critically, in the nine exhibits the government introduced regarding this trade, Mr. Gramins writes exactly *zero* words and sends exactly *zero* messages. The chat described in overt act (d) is GX 12A, a persistent chat that could have logged Mr. Gramins as a "participant" simply because he logged into his Bloomberg system that day. *See* Rough Tr. Day 4, at 15 (Mossman). The

3

government witness who testified about parts of this trade, Alejandro Feely, did not testify that he had any contact with Mr. Gramins regarding this trade.[2]

Mr. Gramins' name should be stricken from overt act (d) for the same reasons the government and Court struck overt act (x). *See* Rough Tr. May 30 at 49:24-50:3, 50:25-52:1, 52:2-3. Overt act (x) was stricken because there was no proof that Mr. Shapiro said the phrase "80 is just a #!" in furtherance of the conspiracy, where he had no knowledge of the JPMAC trade in question. In overt act (d), the connection between Mr. Gramins, the chat, and the alleged conspiracy is even further attenuated. Mr. Gramins was simply logged in the header of the chat as one of many "participants" in the chat, but did not participate in the conversation or send any messages.

Simply put, the evidence does not establish that Mr. Gramins had any knowledge of or participation in this trade. Therefore, the reference to Mr. Gramins in overt act (d) is irrelevant to any charged conduct, and the inclusion of his name in the description of that overt act is prejudicial. The reference to Mr. Gramins in overt act (d) should be stricken as surplusage.

### C. The Reference To Mr. Gramins In Overt Act (n) Should Be Stricken.

The Indictment also alleges that Mr. Gramins participated in an overt act related to the AAA 2005-1A 1A3B trade. Overt act (n) alleges that:

> On or about March 8, 2012, SHAPIRO, **GRAMINS**, PETERS, and Traders F.D., C.C. and E.H., among others, participated in an electronic chat with a representative from WAMCO, in which Salesperson M.B. misrepresented to WAMCO that Nomura could buy AAA 2005-1A 1A3B at 64-00 when, in fact, Nomura could purchase it for 62.

Indictment ¶ 35(n) (emphasis added). In this trade, Nomura purchased the AAA 2005-1A 1A3B bond from HBK and sold it to WAMCO. Here too, like with the WAMU 2007-HY3 4A1 trade

---

[2] Moreover, the WAMU 2007-HY3 4A1 bond was a prime bond, which was not one of the two sectors that Mr. Gramins traded. *See* Rough Tr. Day 8, at 85 (Chao).

4

referenced in overt act (d), Mr. Gramins played absolutely no role in the trade and there is no proof in this case, either in chats or testimony, that Mr. Gramins furthered the purchase or sale of the AAA 2005-1A 1A3B bond on March 8, 2012. Mr. Gramins' sole involvement in the chat described in overt act (n) was to communicate with a WAMCO trader about *unrelated* bond transactions. *See* GX 25B. Mr. Gramins' involvement in the chat identified in overt act (n), like Mr. Shapiro's involvement in the chat identified in the now-stricken overt act (x), was not at all in furtherance of the conspiracy alleged in Count One of the Indictment.

Because the evidence does not establish that Mr. Gramins had any knowledge of or participation in the AAA 2005-1A 1A3B trade described in overt act (n), the reference to his name in that overt act should be stricken as irrelevant and prejudicial surplusage.

## CONCLUSION

For the foregoing reasons, Mr. Gramins respectfully requests that the Court strike as surplusage references to Mr. Gramins contained in overt acts (d) and (n) in the Indictment.

Respectfully Submitted,

GREENBERG TRAURIG, LLP

By: /s/ Marc L. Mukasey
Marc L. Mukasey (CT29885)
Jeffrey B. Sklaroff (PHV08423)
Robert S. Frenchman (PHV08424)
200 Park Avenue
New York, NY 10166
Telephone: (212) 801-6832
Facsimile: (212) 801-6400

*Attorneys for Michael Gramins*