

**United States Department of Justice**

*United States Attorney*
*District of Connecticut*

*Connecticut Financial Center*     *(203) 821-3700*
*157 Church Street, 25th Floor*     *Fax (203) 773-5376*
*New Haven, Connecticut  06510*     *www.justice.gov/usao-ct*

May 31, 2017

Hon. Robert N. Chatigny
United States District Court
450 Main Street
Hartford, CT 06103

**Via CM/ECF**

            Re:     *United States v. Shapiro, et. al.*
                        3:15CR155(RNC)

Dear Judge Chatigny,

       We write regarding the defendants' motions to strike their names from certain portions of ¶ 35 of the Third Superseding Indictment, concerning overt acts.

       The Government opposes the defendants' motions to strike.  First, as the Court has already instructed the jury, the Third Superseding Indictment is just a vehicle by which the Grand Jury made accusations against the defendants and is not, itself, evidence of anything. *United States v. Glaziou*, 402 F.2d 8, 15 (2d Cir. 1968).  Second, a finding as to any overt act is sufficient to satisfy this element of conspiracy, regardless of whether the overt act is alleged in the Third Superseding Indictment and regardless of whether that overt act was performed by any defendant or one of their co-conspirators. *United States v. Frank*, 156 F.3d 332, 337 (2d Cir. 1998).  Third, even if an allegation of an overt act is struck from the indictment, the Government is still free to argue the evidence regarding that act for all other proper purposes; for instance, the Government may argue that any evidence concerning a statement or other act by the defendants—even if not specifically alleged to have been an overt act—is relevant to the jury's deliberations as to the defendants' knowledge, or plan, or modus operandi, or motive, or agreement, or intent.  Fourth, a motion to strike allegations is not the proper forum for the parties' to argue the import of certain evidence; the Government does not intend to argue anything in its closing argument for which it has no evidentiary support, and it expects the same from the defense.

       With respect to the specific motions, Defendant Ross Shapiro has moved to strike his

name from ¶ 35(u);[1] defendant Michael Gramins has moved to strike his name from ¶¶ 35(d) & (n);[2] defendant Tyler Peters has moved to strike his name from ¶¶ 35(a), (d) & (n).  In each of these paragraphs, the Grand Jury alleged that the specific defendant either "conducted an electronic chat," or "participated in an electronic chat," or "chatted electronically" in furtherance of the agreement to execute fraudulent trades.  Each is a factually accurate statement consistent with the words in the relevant exhibit.  In addition, given the co-conspirator testimony that the Nomura trading desk needed to share information internally in order to tell credible lies without being detected by their victims, the jurors are entitled to infer that the defendants did not log into chats and sit idly by while their co-conspirators made misrepresentations.  Rough May 8, 2017 Tr. at 158:25-159:16 (Dinucci:  "When we were misrepresenting the prices that we were telling clients, we all had to make sure that on the desk anyone . . . in a particular chat room with a client knew exactly what prices we were relaying when they were not the accurate prices."); Rough May 23, 2017 Tr. at 126:16-23 (Feely:  "As a common practice, would you make sure that everybody understands the lie, is aware of it just in case the client would reach out to them directly that same day or down the road, and you don't want anybody to be unprepared or without the knowledge of what is the story that's been told to that specific client.").  Moreover, the testimony about the defendants' superior positions on the Nomura trading desk (as compared to their co-conspirators) and the testimony about a trader's superior knowledge about the facts of a negotiation (as compared to both Nomura salespeople and the victim funds) entitles the jury to infer that the defendants' electronic presence in a chat gave an appearance of reliability to misstatements being made by defendants' underlings.  Rough May 24, 2017 Tr. at 232:2-19 (Wollman: "I would try, where possible, to use the traders directly because they had the most knowledge about what was going on on all parts of the transaction. . . . But typically the trader would be, where I could, the primary point of contact for transactions."); Rough May 11, 2017 Tr. at 43:12-16 (Harrison: "[Shapiro] was the most senior trader at Nomura I was dealing with, and so I viewed him as essentially my point of contact for the relationship rather than a salesman.").  Thus, the Government has introduced evidence on each of these allegations of overt acts.

Accordingly, the Government respectfully requests that the Court deny the defendants' motions to strike their names from portions of ¶ 35.

Respectfully Submitted,

DEIRDRE M. DALY
UNITED STATES ATTORNEY
    /s/
DAVID E. NOVICK
LIAM B. BRENNAN
HEATHER L. CHERRY
ASSISTANT UNITED STATES ATTORNEYS

---

[1] Shapiro also moves to strike reference to Shapiro from Government's Exhibit 29Z.  That exhibit does not label anything as an overt act, but merely recounts statements made by Shapiro.

[2] Though not in his motion, Gramins separately requested the Government consent to strike the language "with a money manager from Victim 3's PPIP fund" from ¶ 35(d).  Given the evidence, the Government has no objection to striking that text.