

**United States Department of Justice**

*United States Attorney*
*District of Connecticut*

| | |
|---|---|
| *Connecticut Financial Center* | *(203) 821-3700* |
| *157 Church Street, 25th Floor* | *Fax (203) 773-5376* |
| *New Haven, Connecticut  06510* | *www.justice.gov/usao-ct* |

May 31, 2017

Hon. Robert N. Chatigny
United States District Court
450 Main Street
Hartford, CT 06103

<u>Via CM/ECF</u>

          Re:    *United States v. Shapiro, et. al.*
                3:15CR155(RNC)

Dear Judge Chatigny,

    We write regarding the Court's draft jury instructions.

**Government's Requests**

    The Government respectfully requests the Court make the following changes:

    1.    False Statements and Omissions

    The Government requests that the Court use the *Litvak* instruction regarding false statements or omissions.  Thus, the first instance would be in Instruction 11(d) on page 20, as follows:

> (2) made an untrue statement of material fact <u>or omitted to state a fact which made what was said, under the circumstances, misleading</u>; or[1]

Then, as in *Litvak*, in every instance where the Court instructs the jury with respect to a "statement," the Government requests the Court add "or omission."  This would necessitate changes in Instruction 11(d) on pages 20-24, as well as in Instructions 12(c) on pages 29-30, 12(e) on page 30, and 12(f) on page 31.

    This instruction is consistent with the law.  17 C.F.R. 240.10b-5; *United States v.*

---

[1] Throughout, underlined text is proposed additions, strikethroughs are proposed deletions.

*Autuori*, 212 F.3d 105, 118 (2d Cir. 2000) ("The fraud statutes are violated by affirmative misrepresentations or by omissions of material information that the defendant has a duty to disclose."). It also meets the evidence that the jury has heard, insofar as several allegedly fraudulent trades contain an affirmative misrepresentation which is followed by the defendant or their co-conspirators' failure to correct the misimpression created by the prior lie.

    2.       Half-Truths and Taking On a Duty to Speak Truthfully

Defendants chose to introduce evidence that they had no duty to disclose Nomura's purchase or sale prices to victims in trade negotiations. Accordingly, the Government requests the following be added to Instruction 11(d) on page 20:

> To be "untrue," a statement must have been false when made and known to be false by the person making it or causing it to be made. <u>A statement may also be fraudulent if it contains half-truths or if it conceals material facts in a manner which makes what is said or represented deliberately misleading. While a person may not have an independent duty to disclose information on an issue or topic, once that person chooses to do so, he has a duty to tell the whole truth.</u>

*In re Vivendi, S.A. Sec. Litig.*, 838 F.3d 223, 258 (2d Cir. 2016) ("It is well-established precedent in this Circuit that 'once a company speaks on an issue or topic, there is a duty to tell the whole truth,' '[e]ven when there is no existing independent duty to disclose information' on the issue or topic.") (citations omitted); *Meyer v. Jinkosolar Holdings Co.*, 761 F.3d 245, 250 (2d Cir. 2014) ("Even when there is no existing independent duty to disclose information, once a company speaks on an issue or topic, there is a duty to tell the whole truth."); *SEC v. Gabelli*, 653 F.3d 49, 57 (2d Cir. 2011) ("The law is well settled . . . that so called 'half truths'—literally true statements that create a materially misleading impression—will support claims for securities fraud."), *rev'd on other grounds sub nom.*, *Gabelli v. SEC*, 568 U.S. 442 (2013); *Caiola v. Citibank, N.A., N.Y.*, 295 F.3d 312, 331 (2d Cir. 2002) ("[T]he lack of an independent duty [to disclose] is not ... a defense to . . . liability[,] because upon choosing to speak, one must speak truthfully about material issues."); *United States v. Autuori*, 212 F.3d 105, 118 (2d Cir. 2000) ("[I]t is just as unlawful to speak 'half truths' or to omit to state facts necessary to make the statements made, in light of the circumstances under which they were made, not misleading."); *S.E.C. v. Syron*, 934 F. Supp. 2d 609, 629 (S.D.N.Y. 2013) ("[O]nce a party chooses to discuss material issues, it 'ha[s] a duty to be both accurate and complete' so as to avoid rendering statements misleading.") (quoting *Caiola*, 295 F.3d at 331).

    3.       Reliance Not Required

The defendants have argued that the victims should not have relied on misrepresented price information. Accordingly, the Government requests the following be added to Instruction 11(e) on page 22:

> In other words, the Government must prove that the misstated <u>or omitted</u> fact likely would have assumed significance in the

> deliberations of a reasonable investor.  <u>Materiality does not require proof of a substantial likelihood that disclosure of the truth or the omitted fact would have caused a reasonable investor to act differently.</u>

This language is a direct quote from the instructions in *Litvak* (Jan. 13, 2017 Jury Instructions [Dkt. #523] at 47) and is consistent with black letter law, *Neder v. United States*, 527 U.S. 1, 24-25 (1999) ("The common-law requirements of 'justifiable reliance' and 'damages,' for example, plainly have no place in the federal fraud statutes.").

    4.    "Bluffing" and "Candor"

The Government requests that the Court strike the sentence from Instruction 11(e) that begins "A false statement might not have been material…" on page 23 and continues to page 24.

The current language is unnecessary and might be read as marshalling some of the defense's evidence or phrasing a defense argument as a possible—although not certain—proposition of law.

If the Court is inclined to keep this sentence, the Government requests that it be amended as follows:

> A false statement <u>or omission</u> might not have been material if under then-prevailing conventions in negotiation, a reasonable investor would have viewed the statement as mere "sales talk" in the nature of "haggling" ~~or "bluffing"~~ with respect to which ~~candor~~ <u>truthfulness</u> was not expected.

First, this removes the term "bluffing," which the jury may understand to include lying with the knowledge that the lie may not be detected.  Second, the word "candor" means "a quality of being open" and "frankness," which implies that the case turns on whether the defendants had a duty to volunteer pricing information to their victims; the Government's proposed word "truthful," on the other hand, matches the issue the jury actually faces, namely, whether the misrepresented information was the type of information that a reasonable investor would have expected to be accurately conveyed, if the defendants and their co-conspirators raised it.

    5.    "Suspicion" and "Unreliable"

The Government requests that the Court strike a portion of Instruction 11(e) on page 24, as follows:

> Accordingly, in deciding whether a false statement <u>or omission</u> was material, ask whether, in the context of the operations of the non-agency RMBS market at the pertinent time as shown by the evidence, a reasonable investor would consider the statement <u>or omission</u> at issue as significantly altering the total mix of information available ~~or would regard the statement with suspicion~~

3

~~and discount it as unreliable~~.

The language the Government would strike is not an accurate statement of the law and might be read as endorsing a defense argument. First, even information that a victim views with suspicion may be material. Second, the word "unreliable" incorrectly suggests that reliance is required to find materiality. Striking the end of the sentence provides an accurate statement of the law of materiality, while leaving both parties an opportunity to argue the meaning of the evidence.

      6.      Wire Fraud – Fourth Element

The Government requests that the Court add the following language to Instruction 12(g) on page 31:

> But it must serve to assist in carrying out the scheme to defraud. <u>There is no requirement that the use of the wires precede the fraud. Where the defendant is not charged with isolated or unrelated swindles, but rather participation in a fraud scheme, wires may further the scheme by, for example, furthering some objective of the scheme or helping to keep the scheme in operation.</u>

This is an accurate statement of the law. *United States v. Slevin*, 106 F.3d 1086, 1090 (2d Cir. 1996) ("There is no requirement that the mailings precede the fraud. Where the frauds are not isolated or unrelated swindles, postfraud mailing of invoices, checks, or receipts may further the scheme by, for example, lulling the victims into believing they received the services fraudulently promised, or by helping to keep the scheme in operation by preserving a needed business relationship between a fraud victim and the defendant.") (internal citations omitted). It is also relevant to the jury's task, where the charged wires occurred after the fraudulent misrepresentations were made and the trades concluded.

      7.      No Agency

The Government requests that the Court make the following changes to Instruction 15 on page 42:

> You heard ~~testimony~~ <u>evidence</u> from various counterparties that they believed the defendants were acting on their behalf or as their agents, <u>or that certain defendants held themselves out to be acting in that capacity,</u> in the purchase or sale of non-agency RMBS.

The instruction as currently phrased might be read as an attack on the credibility of the victims, insofar as it addresses only a portion of the evidence. As amended, this instruction is a more even-handed statement of the evidence, and is consistent with defendant Gramins's own words to a victim-counterparty. Government Exhibit 11B ("and i am purely looking to broker").

**Government's Response to the Defendants' Requests**

The defendants jointly submitted their six proposed changes to the draft jury instructions by email to the Court's law clerk. Attached as Exhibit A, hereto.

1. Instruction 9(b), page 13

The Government has no objection to the defendants' proposal.

2. Instruction 11(d), pages 20-21

The Government objects. At the defendants' request and over the Government's objection, the Court made materiality a separate, second element of securities fraud. The Court should not now make it part of both the first and second elements, in a manner that serves only to confuse the jury.

3. Instruction 11(f), page 24

The Government objects. The defendants seek an inaccurate statement of the law, which the Second Circuit has considered and rejected. In *United States v. Kaiser*, 609 F.3d 556, 568 (2d Cir. 2010), the court resolved this issue unequivocally, holding that willfulness for purposes of securities fraud under 15 U.S.C.§ 78ff "do[es] not require a showing that a defendant had awareness of the general unlawfulness of his conduct, but rather, that he had an awareness of the general wrongfulness of his conduct." *See also United States v. Tarallo*, 380 F.3d 1174, 1188 (9th Cir. 2004) ("Under our jurisprudence, . . . 'willfully' as it is used in § 78ff(a) means intentionally undertaking an act that one knows to be wrongful; 'willfully' in this context does *not* require the actor know specifically that the conduct was unlawful.").

4. Instruction 14(h), page 40

The language the defendants would strike is an accurate and helpful transition sentence. The Government defers to the Court's view on this defendants' objection.

5. Instruction 24, pages 52-53

The language the defendants would add is unnecessary. The Government defers to the Court's view on this defendants' objection

6. Part IV, page 57

The Government agrees with this change.

                                               Respectfully Submitted,

                                               DEIRDRE M. DALY
                                             UNITED STATES ATTORNEY

                                                    /s/
                                             DAVID E. NOVICK
                                             LIAM B. BRENNAN
                                             HEATHER L. CHERRY
                                             ASSISTANT UNITED STATES ATTORNEYS