

Marc L. Mukasey
Tel 212.801.6832
Fax 212.754.8522
mukaseym@gtlaw.com

June 1, 2017

BY EMAIL

Honorable Robert N. Chatigny
United States District Court
District of Connecticut
Abraham Ribicoff Federal Building
450 Main Street - Room 228
Hartford, Connecticut 06103

Re:   *United States v. Shapiro*, 15-cr-155 (RNC)

Dear Judge Chatigny:

      We write on behalf of Defendants to respond to the government's letter dated May 31, 2017 (the "Letter"), suggesting changes to the Court's draft jury instructions. For the following reasons, the government's proposals should be rejected.

1. False Statements and Omissions

      As the Court's jury instructions correctly recognize, this is not an omissions case, and accordingly, the government's proposal to include omissions language is inappropriate and would be confusing to the jury. The government's Letter admits that the evidence it presented at trial concerned "affirmative misrepresentations." (Letter at 2). As the government concedes, the evidence did not show that Defendants made half-truths or concealed material facts that made what was said misleading. The government cannot ignore this critical requirement by suggesting that the purported omission was a failure to correct "the prior lie." (*Id.*). While omissions can, of course, form the basis of fraud charges, such as in *United States v. Autuori*, 212 F.3d 105 (2d Cir. 2000) (where defendant had a "duty to disclose"), as cited by the government, there is no factual record of omissions in the present case. Accordingly, the government's proposal should be rejected.

2. Half-Truths

      The government's requested language regarding half-truths should be rejected for the same reason. The government concedes this case is about "affirmative misrepresentations." Neither the allegations nor the proof at trial showed statements that were partially true or technically true but misleading. The cases the government cites involving a duty to speak

June 1, 2017
Page 2

truthfully once anything is said apply to public company disclosures or disclosures made to raise money by private placement memoranda. These are situations where the issuer has independent legal duties to disclose materially accurate information or has an informational advantage about the potential investment. They do not apply here where each party is armed with its own information and is negotiating price bilaterally, principal to principal.

In the context of negotiations, parties always keep some information confidential rather than telling the opposing party everything about one's position. *United States v. Weimert*, 819 F.3d 351 (7th Cir. 2016). The government's suggestion that a negotiator must tell "the whole truth" would mean traders cannot negotiate.

3. Reliance

The language that the government proposes would confuse the jury and should be rejected. Indeed, the materiality element of fraud charges requires a likelihood that the alleged misstatement would have caused a reasonable investor to act. While the misstatement need not be outcome determinative, in order to satisfy the materiality requirement the statement must be of such importance that it "would have been viewed by the reasonable investor as having significantly altered the total mix of information made available" to an investor's decision. *Basic v. Levinson*, 485 U.S. 224, 231-32 (1988). Although the government's proposed language was used in *Litvak*, the confusion it would create for the jury would outweigh any potential benefit.

4. Bluffing and Candor

The government's proposed deletions and wordsmithing of the Court's materiality instruction is unwarranted. (Letter at 3). The contested language is appropriate and necessary to delineate the kind of misstatements in the context of negotiation in the non-agency RMBS market that are criminally actionable under the securities laws. The concept of materiality is complicated and not intuitive for a lay jury. Materiality is a central defense of all three defendants and should be explained in sufficient detail to be comprehended fairly. Notably, the government does not take issue with the language of the instruction that relates closely to the government's theory of the case. ("You should also consider the evidence relating to the nature of the relationship between Nomura and the counterparties who negotiated to buy and sell RMBS bonds at issue…"). The Court's instruction includes language and concepts from numerous fraud cases and should be retained.

5. Suspicion and Unreliable

Similarly, the government seeks to strike additional language from the materiality instruction that would provide the jury with a fuller understanding of the meaning of materiality. Without any citation or legal authority, the government incorrectly contends that the Court's language is not an accurate statement of the law. (Letter at 4). The government incorrectly parses the contested language and contorts its meaning. The Court's instruction does not state that "suspicion" equates to immateriality. The contested language does nothing more than accurately state a self-evident proposition, that a statement is not material if a reasonable investor

June 1, 2017
Page 3

"would regard the statement with suspicion and discount it as unreliable." The government also mistakenly conflates "reliance" and "reliability." The concepts are not the same, and the Court's instruction does not state or suggest that reliance is an element of materiality or securities fraud. Accordingly, the government's objection should be denied.

6. Wire Fraud

The government's requested addition to the wire fraud instruction is not applicable in this case, and the Court should not include it.

The government has charged Defendants with five discrete counts of wire fraud, each alleging a separate and specific fraudulent transmission on a particular date relating to a specific RMBS transaction. Therefore, the government's proposed language, "[w]here a defendant is not charged with isolated or unrelated swindles," is false and inappropriate. Moreover, the government does not cite to any jury instruction (or a decision assessing the appropriateness of an instruction) as a basis for its requested language. Instead it has crafted a lopsided proposed charge by excerpting only favorable clauses from a court decision that does not even address jury instructions – *e.g.*, the government excludes the following qualifying clause from its proposed instruction: "...furthering some objective of the scheme or helping to keep the scheme in operation [*by preserving a needed business relationship between a fraud victim and the defendant.*]"

Regardless, the Court's current instructions already correctly make clear that "[t]he use of the wires need not itself include a fraudulent representation" so long as it "serve[s] to assist in carrying out the scheme to defraud." This instruction is sufficient to inform the jury that the wire communications at issue in Counts four through nine could form the basis of wire fraud even if the wires themselves do not contain any misrepresentations.[1]

7. No Agency

The government's request to insert language into the No Agency instruction should be denied. The proposed language is a blatant attempt to inject the government's theory of the case into a jury instruction requested by Defendants and required to correct a misunderstanding of the law that was introduced into the trial record by two government witnesses. The Court appropriately instructed the jury early in the trial regarding the accurate state of the law regarding agency. 5/11/17 Rough Tr. 2:19-4:10. When a second government witness (Joel Wollman) testified about the legal concept, Defendants again sought to give the jury the proper instruction of the law for the jury. The Court did not provide the No Agency instruction at that time, but a proper instruction should be given to the jury now that the parties have rested. It

---

[1] Notably, the government concedes in its Letter that "the charged wires occurred after the fraudulent misrepresentations were made and the trades concluded." Defendants respectfully submit that this acknowledgment lends further support to their Motion for Judgment of Acquittal Pursuant to Federal Rule of Criminal Procedure 29(a), specifically as it relates to the wire fraud charges. As argued in that motion, Defendants should be acquitted of these charges as the wires at issue were transmitted after the allegedly fraudulent negotiations had already "reached fruition." Dkt. 401.

June 1, 2017
Page 4

would be patently improper for the government to inject its theory of the case into an accurate jury instruction about a legal concept.

Accordingly, the Court should reject the government's proposed changes to the Court's jury instructions.

Respectfully submitted,

Marc L. Mukasey

cc:   all counsel