## ALSTON & BIRD LLP

One Atlantic Center
1201 West Peachtree Street
Atlanta, GA  30309-3424
404-881-7000 | Fax: 404-881-7777

Michael L. Brown　　　　　　　　　Direct Dial: 404-881-7589　　　　　　　　Email: mike.brown@alston.com

June 5, 2017

VIA ECF

Hon. Robert N. Chatigny
United States District Court
450 Main Street
Hartford, CT 06103

　　　　　　　　　　　Re:　*United States v. Shapiro, et al.*
　　　　　　　　　　　　　　3:15-CR-155 (RNC)

Dear Judge Chatigny:

　　　　In its rebuttal summation, the government urged the jury to apply a willfulness standard directly at odds with the willfulness standard in the Court's instructions.  The government's argument dispensed with the core of the Court's instruction – that the government must prove beyond a reasonable doubt that the defendants "acted with a bad purpose to disobey or disregard the law" – and instead repeatedly suggested that the jury need only find that the defendants had conscious knowledge of their actions (i.e. that they did not act accidentally):

> And you'll notice, we'll get to the jury instructions in a bit. ***The jury instructions do not say you have to know it's illegal.*** They don't say that. You have to consciously know you're doing wrong. Conscious wrongdoing.

Tr. Trans. Day 14 at 155:23-156:2 (emphasis added).

> ***The jury instructions say that willfully means to act with the intent to do something the law forbids.   So it can't be an accident.*** That's what it means, you want to do the thing [the law forbids and] we all know the law [forbids] deceiving people out of money . . . . That's the thing that the law forbids.

Tr. Trans. Day 14 at 175:5 - 11 (emphasis added).  The government's arguments are entirely contradicted by the plain language of the jury instruction itself and, if allowed to stand, would infect the jury's deliberations, severely prejudice the defendants, and run afoul of fundamental notions of due process.

　　　　After rebuttal summation, the government admitted arguing a different standard than provided in the Court's instruction.  In defense of its conduct, the government suggests that rebuttal

Alston & Bird LLP　　　　　　　　　　　　　　　　　　　　　　　　　　　　　www.alston.com

Atlanta | Beijing | Brussels | Charlotte | Dallas | Los Angeles | New York | Research Triangle | San Francisco | Silicon Valley | Washington, D.C.

June 5, 2017
Page 2

summation is an appropriate time to reargue the jury charge. *See id.* at 187:5 ("I mean, this is *Kaiser*."). The government further suggests that it is the province of the government to act in summation to put its own gloss on the plain language of the jury charge. *See id* at 187:5-8 ("I understand what the Court to be doing was to be giving an instruction that is very difficult here and then permitting the parties to argue what we believe the standard is . . ."). Neither is correct. The purpose of rebuttal summation – or any summation – is to argue the application of the evidence adduced at trial to the legal standard articulated by the Court. Gross manipulation of that legal standard, in the manner in which the government has acted here, is wholly inappropriate and severely prejudices defendants.

As the Court is aware, the willfulness instruction was the subject of extensive argument. Indeed, at the charge conference, the Court noted that the fundamental unfairness of the government's proposed instruction – one that would not require proof of the defendants' awareness of the unlawfulness of their actions:

> The government has no obligation to prove that a defendant knew he was violating Rule 10(b)(5), but ***I don't think you can be convicted under the Constitution unless you had a sufficiently culpable state of mind such that you made a conscious choice to cross an important line and expose yourself to potential imprisonment***.

Tr. Trans. Day 13 at 11:23-12:3 (emphasis added). The Court recognized that such a "sufficiently culpable state of mind" required a showing that the defendants knew their conduct was unlawful. *Id.* at 12:11-13. The Court concluded with a reiteration of the importance of this standard in this particular case:

> The Supreme Court has recognized that when a challenged action or course of conduct is a technical violation of the law as opposed to morally reprehensible, ***it becomes more important to make it clear to the jury that the government has a burden to prove that the defendant knew his conduct was unlawful . . . . Because we don't want to be exposing people to conviction and incarceration if they didn't know that this is what they were risking***.

*Id.* at 12:18 – 12:23 (emphasis added).[1]

The Court's final instruction tracked this sound reasoning, and instructed the jury that willfully "means to act with the intent to do something the law forbids; that is, with a bad purpose to disobey or disregard the law." Tr. Trans. Day __ at 44:7-9. But rather than argue on rebuttal the existence of any evidence to suggest that these defendants acted with that requisite intent, the

---

[1] The Court's concerns in this regard are not new. *See* Tr. Trans. Day 2 at 49 ("[D]ue process doesn't allow [the government] to use the criminal justice system to draw lines. The lines have to be clear. . . . We're talking about the line that separates criminal from non-criminal. It has to be clear. You can't use the criminal law to establish it. It's got to be there beforehand."); *id.* Day 2 at 49:23-49:3 ("I will make it clear to the jury that due process requires fair notice before you can be prosecuted for a crime. That to me is the touchstone.").

June 5, 2017
Page 3

government instead elected to turn the Court's jury instruction on its head. The government asserted that to act willfully merely requires that the defendant knew what he was doing and what he was doing happened to be wrongful, as an objective matter. In other words, that his conduct was not accidental or inadvertent – with no regard whatsoever for whether the defendant knew that his conduct was unlawful. Tr. Trans. Day __ at 175:5 - 11. The government's recitation bears no resemblance to the Court's instruction regarding "willfully" at all. Instead, the government has intentionally conflated "willfully" with "knowingly" to suggest that the government need merely prove that the defendants acted consciously, rather than accidently or mistakenly. *See* Tr. Trans. Day 13 at 44:3-9 ("'Knowingly' here means to act voluntarily and deliberately, rather than mistakenly or inadvertently, with an understanding of the nature of his action, and not because of ignorance, mistake, accident, or carelessness.").

The government's remarks concerning the Court's instruction are manipulative and incorrect, and permitting the jury to retire to deliberate without further instruction on this point will severely prejudice these defendants. Accordingly, the defendants request that the Court instruct the jury as follows:

> Yesterday, the government argued that the willfulness element of the offenses did not require it to establish that the defendants knew they were doing something illegal and that willfulness only required the government or prove that the defendants did not accidentally engage in conduct that was wrongful. That is not a correct statement of the law. As I have previously instructed you, willfulness means to act with the intent to do something the law forbids, that is, with a bad purpose to disobey or disregard the law. In other words, the government must prove that the defendants knew their conduct was unlawful or illegal. The law does not expose individuals to conviction and incarceration without a finding that they knew such results were a risk of their conduct.

Anything short of this curative instruction risks juror confusion and exceptional prejudice to the defendants, and creates the potential for a jury verdict that finds the defendants guilty without any finding whatsoever that they knew their actions were unlawful. Fundamental notions of due process, so frequently articulated by the Court in this case, demand that such a result be avoided.

Sincerely,

ALSTON & BIRD LLP

By: /s/ Michael L. Brown
    Michael L. Brown (PHV03772)
    Brett D. Jaffe (PHV07701)
    Joseph G. Tully (PHV07702)
    One Atlantic Center
    1201 West Peachtree Street
    Atlanta, GA 30309
    Telephone: (404) 881-7589
    Facsimile: (404) 253-8180

June 5, 2017
Page 4

- and -

BRAFMAN & ASSOCIATES, P.C.

By: /s/ Alex Spiro
    Alex Spiro, Esq. (PHV08071)
    767 Third Avenue, 26th Floor
    New York, New York 10017
    Telephone: (212) 750-7800
    Facsimile: (212) 750-3906
    *Attorneys for Tyler Peters*

PETRILLO KLEIN & BOXER LLP

By: /s/ Guy Petrillo
    Guy Petrillo (CT19924)
    Joshua Klein (PHV07748)
    Amy Lester (PHV08919)
    655 Third Avenue, 22nd Floor
    New York, New York 10017
    Telephone: (212) 370-0330
    Facsimile: (212) 370-0391
    *Attorneys for Ross Shapiro*

GREENBERG TRAURIG, LLP

By: /s/ Marc L. Mukasey
    Marc L. Mukasey (CT29885)
    Jeffrey B. Sklaroff (PHV08423)
    Robert S. Frenchman (PHV08424)
    200 Park Avenue
    New York, NY 10166
    Telephone: (212) 801-6832
    Facsimile: (212) 801-6400
    *Attorneys for Michael Gramins*