

United States Department of Justice

*United States Attorney*
*District of Connecticut*

---

*Connecticut Financial Center*      *(203) 821-3700*
*157 Church Street, 25th Floor*      *Fax (203) 773-5376*
*New Haven, Connecticut  06510*      *www.justice.gov/usao-ct*

June 6, 2017

Hon. Robert N. Chatigny
United States District Court
450 Main Street
Hartford, CT 06103

<u>**Via CM/ECF**</u>

              Re:    *United States v. Shapiro, et. al.*
                    3:15CR155(RNC)

Dear Judge Chatigny,

      We write regarding the defendants' request for additional instruction regarding willfulness.  The defendants' request takes the Government's rebuttal argument out of context and asks the Court to deliver an additional charge containing an incorrect statement of the law.

      The defendants complain that the Government rebutted their incorrect argument that the Court's charge on willfulness requires knowledge of unlawfulness.  Rough June 5, 2017 Tr. at 37:22-25 (Mr. Klein: "That means the defendant had to know that he was committing some sort of crime, even though he didn't need to know the particular citation to a statute.  That's what that instruction means."); *id.* at 38:19-22 (Mr. Klein: "No intent equals no crime, and there is not a shred of evidence that Ross believed his actions were criminal or unlawful in any way."); *id.* at 85:18-21 (Mr. Mukasey: "How can this be a criminal case if nobody realized they were committing a crime.  We know that these guys pleaded not guilty, and they didn't think what they were doing was illegal."); *id.* at 111:15-23 (Mr. Brown: "The Judge read you the instructions and he told you that for the securities fraud charge they have to prove that he acted willfully, for the wire fraud charge they have to prove he acted willfully, and for the conspiracy charge, they have to prove that Tyler Peters acted willfully; that he knew what he was doing was illegal, because we don't put people in prison and brand them felons for the rest of their life unless they act willfully.").  Obviously, counsels' statements were at odds with the charge, which the Court crafted with the Second Circuit caselaw in mind.  Rough June 1, 2017 Tr. at 12:8-10 ("I don't think the Second Circuit case law requires the government to prove that the defendants knew their conduct was unlawful….").

      Accordingly, the Government responded to the defendants' incorrect statements of the law with the actual charge as given to the jury by the Court.  First, the Government displayed the

Court's definition of the term "willfully" in the charge:

> "Willfully" means to act with the intent to do something the law forbids, that is, with a bad purpose to disobey or disregard the law. The Government does not have to prove that a defendant knew he was violating a particular statute. However, a defendant cannot be convicted of a crime unless the Government proves that he engaged in conscious wrongdoing with a sufficiently culpable state of mind to support a criminal conviction.

Rough June 1, 2017 Tr. at 44:7-15. Then, the Government explained how the defense's formulation of willfulness was incorrect, and how the Court's actual instruction applied to the evidence:

> You know, the defendants say that none of the co-conspirators knew what they were doing was illegal. That is, I told you at the outset the jury instructions don't tell you that they have to know what they were doing was illegal.
>
> The jury instructions say that willfully means to act with the intent to do something the law forbids. So it can't be an accident. That's what it means, you want to do the thing the [law forbids and] we all know the law forbids deceiving people out of money, we all know the law [forbids] deceiving people out of money. That's the thing that the law forbids.
>
> The government does not have to prove that the defendant knew he was violating a particular statute. One they didn't highlight for you buys it goes against their argument.
>
> And then that we have to sh[ow] that the defendants engaged in conscious wrongdoing with a sufficiently culpable state of mind. Conscious wrongdoing. That's the standard.
>
> And so I ask you: Were they consciously engaging in wrongful conduct? The answer is clear. Alejandro Feely knew it. He knew that it was hurtful. Frank Dinucci knew it. The defendants knew it.

Rough June 5, 2017 Tr. at 174:25-175:23.[1] This was a completely proper rebuttal argument, which pointed out the defense's error, displayed the relevant charge, and tied that instruction to the evidence in the case.

      The defense quotes only the second paragraph of the above argument to make it seem as

---

[1] This was consistent with the Government's prior reference to the defense's incorrect reading of the charge. Rough June 1, 2017 Tr. at 155:24-156:5 ("The jury instructions do not say you have to know it's illegal. They don't say that. You have to consciously know you're doing wrong. Conscious wrongdoing.")

if the Government urged the jury to apply a "mere intentional act" standard. That is a gross mischaracterization of the record. In explaining the words "willfully means to act with the intent to do something the law forbids," the Government broke that phrase down into its component parts. First, it dealt with the word "intent," saying "[s]o it can't be an accident." Second, the Government addressed the words "to do something the law forbids." Indeed, the next two sentences of its argument ("That's what it means, you want to do the thing the [law forbids and] we all know the law forbids deceiving people out of money, we all know the law [forbids] deceiving people out of money. That's the thing that the law forbids.") make clear that those words require the jury to consider the defendants' mental state. Moreover, the Government's argument continued, quoting and addressing the other two sentences in the Court's definition of willfulness. No listener could have heard the Government to suggest that the jury should deviate in any way from the instruction as given by the Court. Instead, confident it has met its burden of proof, the Government urged the jury to apply the instructions given by the Court to the evidence.

Now, the defense asks the Court to remedy its imagined injury with a slanted "curative" instruction that includes the statement that "the government must prove that the defendants knew their conduct was unlawful or illegal." That misstates the black letter law in the Second Circuit. *United States v. Kaiser*, 609 F.3d 556, 568 (2d Cir. 2010) (willfulness under 15 U.S.C.§ 78ff "do[es] not require a showing that a defendant had awareness of the general unlawfulness of his conduct, but rather, that he had an awareness of the general wrongfulness of his conduct"). While defense counsel was entitled to argue as they saw fit in their closings, they are not entitled to tactically mislead the jury as to the law. The jury deserves a correct statement of the law of willfulness, which the Court has already delivered.

Accordingly, the Government respectfully requests that the Court deny the defendants' request for additional instruction.

                                      Respectfully Submitted,

                                      DEIRDRE M. DALY
                                      UNITED STATES ATTORNEY

                                      DAVID E. NOVICK
                                      LIAM B. BRENNAN
                                      HEATHER L. CHERRY
                                      ASSISTANT UNITED STATES ATTORNEYS