# ALSTON&BIRD LLP

One Atlantic Center
1201 West Peachtree Street
Atlanta, GA  30309-3424
404-881-7000 | Fax: 404-881-7777

Michael L. Brown   Direct Dial: 404-881-7589   Email: mike.brown@alston.com

June 8, 2017

VIA ECF

Honorable Robert N. Chatigny
United States District Court
District of Connecticut
450 Main Street
Hartford, CT 06103

Re:   *United States v. Shapiro, et al.*, 15-CR-00155 (RNC)

Dear Judge Chatigny:

Defendants respectfully submit this letter to supplement their due process motion (Dkt. No. 400) with developments in the record arising from the improper and prejudicial remarks in the government's rebuttal summation. When viewed in totality, the government's rebuttal was wholly improper.

For nearly a hundred years, prosecutors have been guided by the Supreme Court's admonition that while they "may strike hard blows, [they are] not at liberty to strike foul ones. It is as much [their] duty to refrain from improper methods calculated to produce a wrongful conviction as it is to use every legitimate means to bring about a just one." *Berger v. United States*, 295 U.S. 78, 88 (1935). The American Bar Association has long stated that prosecutors must refrain from improper conduct in summation, such as (a) misstating evidence, (b) expressing personal opinions, (c) appealing to the jury's prejudices, and (d) diverting the jury's attention from the evidence. *See ABA Model Rules of Professional Conduct*, Rule 3.4(e).

The Second Circuit has identified numerous categories of statements that constitute improper conduct during summation. Aside from those already identified to the Court, the government's rebuttal argument contained several categories of improper argument.

We discuss each improper argument herein.

## I.   Attacking the credibility of the defendants

During its rebuttal argument, the government improperly tried to inflame the passions of the jury by attacking the credibility of the defendants. The government implored the jury not to be "fooled" by the defendants:

Alston & Bird LLP   www.alston.com

Atlanta | Beijing | Brussels | Charlotte | Dallas | Los Angeles | New York | Research Triangle | San Francisco | Silicon Valley | Washington, D.C.

June 8, 2017
Page 2

> Ladies and gentlemen, *don't let them fool you* now. For the last day, we have been hearing that these individuals did not have the intent to defraud and that they did not think that their lies mattered. *Give me a break.*

Tr. Day 14 (June 5, 2017) at 155:3-4. A prosecutor's attempt to inflame the jury during summation has been found to constitute improper conduct. *See United States v. Gonzalez*, 488 F.2d 833, 836 (2d Cir. 1973*)*; *United States v. Drummond*, 481 F.2d 62, 64 (2d Cir. 1973) ("testimony is so riddled with lies it insults the intelligence of 14 intelligent people sitting on the jury"); *United States v. Modica*, 663 F.2d 1173, 1180 ("Don't let [the defendant] walk out of this room laughing at you"). The Second Circuit has specifically noted that use of the word "fool" in summation can be improper. *See United States v. Marrale*, 695 F.2d 658, 667 (2d Cir. 1982) ("we would surely have disapproved if the prosecutor had warned the jury not to 'be made fools of' or not to be 'made to appear fools'"). The prosecution's argument in this case was just as improper – arguing that the defense was trying to make fools out of the jury.

## II.     Impugning defense counsel

The government also improperly impugned the credibility of defense counsel by stating that defense counsel was "lying" to the jury, saying:

> The first argument I want to touch with you guys on is that they got the bonds they wanted at the price they wanted. *And this is a bit of outright lie* and just kind of [a] distraction.

Tr. Day 14 (June 5, 2017) at 157:22-25. *See id.* at 158:10-11 ("But did they get it at the price they wanted? *That's the untruth, and the distraction mixed in one*."). This attempt to inflame the jurors by saying that they are being duped by the defense constitutes improper summation by the government. *See United States v. Bossinger*, 311 F. App'x 512, 515 (2d Cir. 2009) ("the prosecutor improperly characterized aspects of the defense case using derogatory terms"); *United States v. Resto*, 824 F.2d 210, 212 (2d Cir. 1987) (stating that references to defense tactics as "slick bits," "slyness" or "sleight-of-hand" were improper and warranted reprimand); *United States v. Biasucci*, 786 F.2d 504, 514 (2d Cir. 1986) (stating that characterization of defense questions as "nonsense" was "improper and ha[s] no place in any court"); *Sechrest v. Ignacio*, 549 F.3d 789, 809 (9th Cir. 2008) ("And what that means is, let's say you fall—I am going to talk about his defense. It was a fraud. And let's say you fall for that fraud and you say well, gee, I just can't . . . do what I should do."); *United States v. Sanchez*, 176 F.3d 1214, 1224 (9th Cir. 1999) (after describing defense counsel's strategy, the prosecutor stated, "ladies and gentlemen, I'm going to ask you not to credit that scam that has been perpetrated on you here."); *United States v. Rodrigues*, 159 F.3d 439, 450, 452 (9th Cir. 1998) ("[Defense counsel] has tried to deceive you from the start in this case about what this case is really about . . . tried to pretend that his case is about kickbacks and about bribery . . . I've never said either of those words.").

June 8, 2017
Page 3

In this case, the prosecutor described the defendants' theory of the case as an "outright lie." This argument crossed the line from reasonable inferences to improperly impugning defense counsel and inflaming the jury.

### III.  Vouching

The prosecutor next injected himself and his opinions into the trial in a form of improper vouching, when he argued:

> The next topic we want to [talk] about are the models. So you heard a lot about the models over the course of this trial. Sometimes you might have been sitting there asking yourself, why are we spending all this time on these models? *You know, I was asking myself the same question.*

Tr. Day 14 (June 5, 2017) at 161:5-10; *see id.* at 167:20-21 ("I sat there wondering like what are they talking about?"); *id.* at 178:15 ("I don't remember any witness saying that"). Courts in this circuit have "repeatedly admonished prosecutors to avoid . . . frequently us[ing] rhetorical statements punctuated with the excessive use of the personal pronoun 'I'." *United States v. Washington*, 263 F. Supp. 2d 413, 431 (D. Conn. 2003); *see United States v. Nersesian*, 824 F.2d 1294, 1328 (2d Cir. 1987) ("It is well settled that it is improper for a prosecutor to interject personal beliefs into a summation."). The prosecutor in this case violated this rule when he injected his personal opinions about the reliability of the defense theory into this case.

### IV.  Burden Shifting

The government also attempted to shift the burden of proof to the defense by suggesting that the defendants should have produced documents supporting their theory of the case:

> *I'm certain if they had a document from any time within the overt act, they would have showed you that.* This one is to distract you, like many of the arguments.

Tr. Day 14 (June 5, 2017) at 166:24-167:2. As the government well knows, the defense has no obligation to produce any documents in this action. It was wholly improper for the government to imply that it can meet its burden to prove each element of each charged offense beyond a reasonable doubt simply because defendants failed to present certain documents. *See Floyd v. Meachum*, 907 F.2d 347, 353–54 (2d Cir. 1990) (overturning conviction where "the prosecutor juxtaposed the . . . burden of proof . . . with the argument that 'if there was confusion in this case, from whence did that come? . . . If there were facts left out in this case, from whence did that come?'"). The prosecution in this case should not have shifted their burden of proof to defendants to present documents in order to prove their innocence – such an outcome is offensive to the defendants' constitutionally guaranteed presumption of innocence.

June 8, 2017
Page 4

### V. "Safe Streets"

The government also improperly implied that the alleged crime in this case was an "affront" to the entire community and that the defendants should be convicted for that reason.

> To [say] that these are sharp business practices and that everyone engaged in it *is not just an affront to[] the people in the securities industry, it's an affront to any person in any industry who has ever tried to be an honest dealer.*

Tr. Day 14 (June 5, 2017) at 182:2-6. This argument is totally inappropriate. Courts have held that prosecutors should not urge jurors to consider themselves "guardians of the community" or encourage them to do their duty of protecting society by convicting those who violate the law. *People v. Kirkland*, 199 A.D.2d 54, 55 (N.Y. App. Div. 1st Dep't 1993) (holding improper "prosecutor's comments suggesting that jurors consider themselves 'guardians of the community' and urging jurors to 'do the right thing'"). *People v. McMillan*, 66 A.D.2d 830 (N.Y. App. Div. 2d Dep't 1978) (because they seek to arouse the emotions of jurors and prejudice defendant, totally unnecessary and inflammatory summation remarks holding defendant "responsible for many of the ills of society" and calling upon jurors, "as citizens" to "do their duty" require reversal even where proof of guilt is overwhelming). The prosecution in this case should not have implored the jury to disregard the evidence and convict the defendants because their conduct was an affront to the community.

### VI. Misstating the Law

Finally, as the Court noted, the government repeatedly misstated the law during its rebuttal argument. *See* Tr. Day 15 (June 6, 2017) at 11:14-17 ("I don't know if [the government] intended to differ with me and in effect take it upon himself to overrule me on what the law provides."). The government improperly tried to alleviate its burden to prove all the elements of each crime it chose to charge by arguing that the jury can convict based on the answer to a single, simplistic question:

> So all the questions you have to answer when you go back into the jury room to deliberate, everything you need to figure out, *all the questions you have to answer in this case boil down to one question*: Mr. Novick gave you two, I'm going to bring it down a little further. I'm going to give you one: *Did the defendants lie to take money?*

Tr. Day 14 (June 5, 2017) at 156:6-12. The prosecutor repeated this incorrect legal standard over and over again. *See id.* at 156:15-16 ("If they lied to take people's money, that is intent, that is their intent to defraud people"); *id.* at 156:21-22 ("So if they lied to take money, if your answer is yes, you know what the answers to this case are."); *id.* at 157:1-3 ("when you lie to take money in the purchase and sale of securities, that's securities fraud"); *id.* at 157:3-5 ("When you use the interstate wires to lie to people to take their money under false pretenses, that is wire fraud"); *id.* at 157:6-8 ("When you agree, you get

June 8, 2017
Page 5

in an agreement with other people to lie to take money, that's a conspiracy to defraud."). In addition to repeatedly misstating the law, the government in this case displayed a slide to the jury throughout its summation that read, "Did Defendants Lie to Make More Money?" This was the primary theme of the government's closing argument and it misstated the law. It did not argue the facts; it misrepresented the applicable law. And, at the very end of its rebuttal—some of the final words the jury heard from the government—it repeated this same incorrect statement of the law:

> And like I told you at the beginning, *if they lied to [take] money, that answers all of the questions you have to figure out* in this trial.").

*Id.* at 181:15-18. This argument is yet another example of prosecutorial misconduct that the Second Circuit strongly disapproves. *See Floyd v. Meachum*, 907 F.2d 347, 355 (2d Cir. 1990) (overturning conviction where prosecutor "clearly misstated the law" in rebuttal); *United States v. Richter*, 826 F.2d 206, 209 (2d Cir. 1987) (reversing conviction where prosecutor improperly and misleadingly stated the law in closing).

When the prosecution's repeatedly improper summation is viewed as a whole, it is undeniable that the defendants' rights were prejudiced. *See Floyd v. Meachum*, 907 F.2d 347, 353 (2d Cir. 1990) (vacating conviction "based on the cumulative effect of the three alleged categories of [prosecutor's] improper remarks").[1]

By this letter, defendants supplement their previously filed due process motion (Dkt. No. 400) with new citations to the record concerning the prosecution's inappropriate conduct in rebuttal summation.

Sincerely,

ALSTON & BIRD LLP

By:  /s/ Michael L. Brown
    Michael L. Brown (PHV03772)
    Brett D. Jaffe (PHV07701)
    Joseph G. Tully (PHV07702)
    One Atlantic Center
    1201 West Peachtree Street
    Atlanta, GA 30309
    Telephone: (404) 881-7589
    Facsimile: (404) 253-8180

---

[1] Defendants also seek to highlight the government's misconduct concerning the Court's ruling on the indictment of Jesse Litvak. Despite the Court's thoughtful ruling, in which it instructed the parties to tread lightly around this topic, the government dove head-first into this issue by seeking to have the jury draw improper implications when questioning Mr. Wollman. Tr. Day 10 (May 24, 2017) 74:15-25 ("Q: What was your understanding of what Mr. Litvak was indicted for?" and "Q: At some point prior to Mr. Litvak's indictment, did someone try to contact you regarding Mr. Litvak?").

- and -

BRAFMAN & ASSOCIATES, P.C.

By: /s/ Alex Spiro
    Alex Spiro, Esq. (PHV08071)
    767 Third Avenue, 26th Floor
    New York, New York 10017
    Telephone: (212) 750-7800
    Facsimile: (212) 750-3906
    *Attorneys for Tyler Peters*

PETRILLO KLEIN & BOXER LLP

By: /s/ Guy Petrillo
    Guy Petrillo (CT19924)
    Joshua Klein (PHV07748)
    Amy Lester (PHV08919)
    655 Third Avenue, 22nd Floor
    New York, New York 10017
    Telephone: (212) 370-0330
    Facsimile: (212) 370-0391
    *Attorneys for Ross Shapiro*

GREENBERG TAURIG, LLP

By: /s/ Marc L. Mukasey
    Marc L. Mukasey (CT29885)
    Jeffrey B. Sklaroff (PHV08423)
    Robert S. Frenchman (PHV08424)
    200 Park Avenue
    New York, NY 10166
    Telephone: (212) 801-6832
    Facsimile: (212) 801-6400
    *Attorneys for Michael Gramins*